**JOHN L. HAMMOND LIFE INSURANCE COMPANY et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 10460.**

Court of Civil Appeals of Texas.

Austin.

Feb. 13, 1957.

Rehearing Denied March 6, 1957.

Chaney & Harless, Dallas, for appellants.

John Ben Shepperd, Atty. Gen., Will D. Davis, Asst. Atty. Gen., V. F. Taylor, Austin, of counsel, for appellee.

HUGHES, Justice.

This suit was instituted by the Attorney General of Texas on behalf of the State and at the specific request of the Board of Insurance Commissioners of Texas. It was in the nature of quo warranto and had for its purpose the cancellation of the charter and other permits and privileges of the John L. Hammond Life Insurance Company, a Texas insurance corporation, and the liquidation of its affairs.

The named company, its officers and directors and certain banks were made parties.

The State alleged the Company to be insolvent; also that it had violated the insurance laws in other respects.

After a non jury trial the relief asked by the State was granted.

There are no findings of fact or conclusions of law.

Only the insurance company appeals.

Appellant complains that the court erred in overruling its plea in abatement. One basis of this plea is that jurisdiction of

the subject matter of this controversy had been previously acquired by the 126th District Court of Travis County. As to this the facts are:

On March 22, 1956, the Board of Insurance Commissioners, after notice and hearing, entered an order cancelling the Certificate of Authority of the John L. Hammond Life Insurance Company, previously granted by the Board, on the ground that "its officers and directors not being worthy of public confidence." [1]

A suit, No. 103,807, in the nature of an appeal from such order, was filed in the 126th District Court of Travis County by the Company against the Board. This suit was pending untried at the time of the proceedings herein.

As above noted the instant action is in quo warranto and is based upon allegations that the Company is insolvent under and has violated other provisions of the Insurance Code.

Appellant relies upon the following quotation from Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1069, as controlling here:

"When suit was filed in the Johnson County district court, the jurisdiction of that court attached, with power on the part of the court to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions, and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law."

The inapplicability of such quotation is made apparent when we consider the limited scope of appeal provided for in Sec. 3, Art. 1.14 of the Insurance Code:

"After notice and hearing, the Board shall forthwith record in its official minutes its findings and order, which shall be subject to full review in a suit filed in a District Court in Travis County. The filing of such suit shall operate as a stay of the Board's order until the court directs otherwise. The court shall consider all of the facts, and shall hear, try and determine said suit de novo as other civil cases. The court may modify, affirm or set aside the action of the Board in whole or in part, and shall enter such judgment as the evidence introduced in court may warrant, including an order directing the Board to take such action as may be justified."

The prior suit (No. 103,807) then was not a suit in which the court could do all things a district court could ordinarily do. It was a suit filed for the purpose of appealing from the order made by the Board under Sec. 3, Art. 1.14, supra. Such appeal conferred upon the court the limited jurisdiction of affirming, modifying or setting aside the action of the Board, in whole or in part, and entering such judgment as may be warranted by the evidence. The court on such appeal was not authorized to hear or determine issues not embraced within the action taken by the Board and made the subject of appeal.

Cleveland v. Ward was a case in which, as the court said: "The causes of action in the two conflicting trial courts involve the same transaction and the same state of facts. That the two cases present in substance and effect the same cause of action we do not think debatable."

It should require little or no argument to prove that a proceeding under Sec. 3, Art. 1.14 to lift a Certificate of Authority is not the equivalent of a quo warranto proceeding by the Attorney General to cancel the company's charter and liquidate its affairs. In the first instance the punishment is temporary in that it is remediable. In the latter instance the penalty is perpetual. Neither the facts nor the controversy in the two proceedings are the same and in our opinion

1. Art. 1.14, Sec. 3, Insurance Code, Vol. 14, V.A.C.S.

the plea in abatement on this score was properly overruled.

■ By its second point appellant contends that this suit should have been abated because Art. 1.19 of the Insurance Code is a special statute conferring upon the Board of Insurance Commissioners exclusive authority for closing up the affairs of an insurance company, thus denying to the State or the Attorney General authority to proceed in quo warranto.

Art. 1.19 provides in part:

"The Board shall also have power to institute suits and prosecutions, either by the Attorney General or such other attorneys as the Attorney General may designate, for any violation of the law of this State relating to insurance. No action shall be brought or maintained by any person other than the Board for closing up the affairs or to enjoin, restrain or interfere with the prosecution of the business of any such insurance company organized under the laws of this State. Acts 1951, 52nd Leg., ch. 491."

The record in this case reveals that the Board of Insurance Commissioners on April 24, 1956, advised the Attorney General of the condition of the John L. Hammond Life Insurance Company and requested him to "institute legal proceedings to place the affairs of John L. Hammond Life Insurance Company in receivership, to terminate its corporate existence, to restrain it from conducting an insurance business, and to seek such other relief as the Attorney General deems expedient." A copy of such report and request was attached to and made a part of the petition in quo warranto filed herein.

This, to us, seems to be a substantial if not literal compliance with Art. 1.19, supra. The Board of Insurance Commissioners is an agency of the State and the fact that this suit was brought in the more inclusive name of the State rather than in the name of the Board is a matter about which we believe appellant has no just cause for complaint, especially so in view of the holding in State v. Teachers Annuity Life Ins. Co., Tex.Civ. App.Beaumont, 1941, 149 S.W.2d 318, writ ref.

In that case the Court held that the Attorney General had the legal right to institute and maintain quo warranto proceedings in the State's name for the purpose of forfeiting the charter of an insurance company, appointing a receiver and winding up its affairs *without the consent of the Board of Insurance Commissioners.* Present Art. 1.19 of the Insurance Code was then, 1941, Sec. 5, Art. 4691, R.C.S. 1925. The two statutes are identical except that "The Board" is substituted in Art. 1.19 for "he" referring to the Commissioner of Insurance in the older statute.

We come now to a consideration of appellant's third point which is to the effect that the court below had no jurisdiction herein because preliminary steps, said to be conditions precedent, were not taken by the Board prior to the institution of this suit. Specific reliance is placed upon the following articles of the Insurance Code:

Art. 1.14 provides, generally, that the Board shall issue a Certificate of Authority to engage in the insurance business when satisfied that the applicant has in all respects fully complied with the law and provides for revocation of such authority, after notice and hearing, for reasons previously stated by us in considering appellant's first point. An appeal to the District Court of Travis County is provided. Art. 1.15, Sec. 1, provides, in general, that the Board shall, periodically, examine insurance carriers as to financial conditions and compliance with Texas insurance laws and may revoke or modify any Certificate of Authority upon 10 days written notice. Sec. 2. The Board shall have authority to determine the value or market of pertinent real estate and its improvements. Sec. 3. The Board shall after determining such value and within 10 days after written request therefor furnish the insurance carrier full details regarding

such determination. Sec. 4. This section provides for an appeal to the District Court of Travis County.

Art. 21.28 of the Code provides, generally, for the liquidation, rehabilitation, reorganization or conservation of insurers and defines a "delinquency proceeding" as "any proceeding commenced in any court of this State against an insurer for the purpose of liquidating, rehabilitating, reorganizing or conserving such insurer."

Sec. 2 of Art. 21.28 provides that a court placing an insurer in receivership shall name as receiver the liquidator designated by the Board.[2]

Sec. 16 of Art. 21.28 provides that "In the event of conflict between the provisions of this Article and the provisions of any existing law, the provisions of this Article shall prevail, and all laws, or parts of law, in conflict with the provisions of this Article, are hereby repealed to the extent of such conflict."

Appellant's position is that these statutes and Art. 1.10 [3] prescribing certain duties of the Board, properly interpreted mean that "only on appeal by an interested party has a District Court the power to determine whether under the evidence the company is a Delinquent Insurer" but "once the question of delinquent insurer is found by the Board and no appeal is taken, the Board by and through its attorney or the Attorney General may bring the delinquency proceedings to liquidate. * * *" and that "only the Board after hearing and determination can bring a delinquency action."

The question for our decision is whether these provisions of the Insurance Code, and perhaps others not mentioned, supersede, displace or impair the authority of the Attorney General to proceed in quo warranto against an insurance corporation on the ground of insolvency.

We are of the opinion that they do not.

Art. IV, Sec. 22 of our Constitution, Vernon's Ann.St. provides, in part:

"The Attorney General * * * shall especially inquire into the charter rights of all private corporations, and from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power * * * not authorized by law. He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law. * * *"

Art. 4408, Vernon's Ann.Civ.St., provides in part:

"The Attorney General, unless otherwise expressly directed by law, whenever sufficient cause exists therefor shall seek a judicial forfeiture of the charters of private corporations. * * *"

Art. 4409, V.A.C.S., provides:

"He [Attorney General] shall also inquire into the charter rights of all private corporations and, in the name of the State, take such legal action as may be proper and necessary to prevent any private corporation from exercising any power to demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law."

and Art. 1380, V.A.C.S., provides:

"The Attorney General, when convinced that any corporation is insolvent, shall institute quo warranto or other appropriate proceedings to forfeit its charter or cancel its permit."

We have previously noted the distinction between a Certificate of Authority issued by the Board and a corporate charter.

---

2. This provision is not directly in issue here because the court below appointed as receiver the liquidator designated by the Board.

3. See also Art. 3.55 providing for the revocation of Certificate of Authority of a life insurance company for failure to comply with laws affecting it

We find nothing in the Insurance Code which purports to give the Board any authority to revoke or sue for the cancellation of the charter of any insurance corporation. Nor do we find anything in the Code which could be construed as expressly taking from the Attorney General any authority conferred upon him by the constitution or statutes noted above.

We can do no better than to adopt as a part of this opinion the following quotation from Teachers, supra [Tex.Civ.App. 149 S.W.2d 320]:

"The Board of Insurance Commissioners is an administrative body and the powers of regulation and control of insurance matters are administrative in character. The institution and prosecution of suits for forfeiture of corporate charters on the other hand is of a legal nature. In their brief, counsel for defendants in effect concede that the actual institution and prosecution of suits for the forfeiture of corporate charters devolve upon the Attorney General. But they contend that in so far as insurance companies are concerned he cannot perform the duty unless and until the Board of Insurance Commissioners shall find, or at least join him in finding, that good cause exists therefor. No such intent to limit the constitutional powers of the Attorney General should be read into the statute by mere implication. Especially is this true in view of the constitutional provision which lodges full power in the Attorney General in that regard, unless and until the legislature expressly provides otherwise."

It is our opinion that the Attorney General has the unfettered statutory authority to bring a quo warranto action against an insurance corporation to forfeit its charter when convinced of its insolvency and that in such suit he may seek and the court may grant the appointment of a receiver and the liquidation of the affairs of such insolvent. Art. 1381, V.A.C.S.

We express no opinion upon the authority of the Attorney General upon his own motion and without regard to the provisions of the Insurance Code to sue solely for the purpose of revoking a Certificate of Authority issued by the Board to an insurance company or corporation.

Appellant's fourth and fifth points, briefed jointly, are to the effect that there was no evidence of insolvency and insufficient evidence to authorize the appointment of a receiver and no evidence that the Board had revoked its Certificate of Authority.

We consider the foregoing portion of our opinion a sufficient answer to the contention that the Board must have by final order revoked the Certificate of Authority before this suit could be maintained.

As we read the statement of facts the uncontradicted evidence shows that appellant was insolvent by approximately $41,000 as of February 29, 1956, in that its liabilities exceeded its lawful assets by such an amount, and as we understand appellant's argument here this fact is not now disputed but it contends that insolvency cannot be shown without evidence that it was in default in the payment of its debts. This is not the law as regards insurance companies, whose solvency also depends upon compliance with statutory requirements regarding its reserves, investments and capital.

No error being shown the judgment of the Trial Court is affirmed.

Affirmed.