## UNIVERSAL INSURANCE COMPANY, Appellant,

### v.

## STATE of Texas, Appellee.

### No. 10936.

Court of Civil Appeals of Texas.

Austin.

Aug. 2, 1961.

Rehearing Denied Aug. 14, 1961.

Heath & Davis, Austin, John Murray, Houston, F. L. Kuykendall, Austin, for appellant.

Will Wilson, Atty. Gen., Fred B. Werkenthin, Richard A. Wells, Asst. Attys. Gen., for appellee.

PER CURIAM.

On June 22, 1961, the Trial Court, without notice or hearing, entered an order appointing C. H. Langdeau, Liquidator for the State Board of Insurance, temporary receiver for Universal Insurance Company and at the same time entered a sweeping restraining order enjoining Universal, its officers, directors, agents, policyholders, employees, servants and representatives from engaging in any business activity for or on behalf of Universal under any grant of authority or power heretofore issued to Universal. This order also tied up all assets of Universal.

On July 1, 1961, the temporary restraining order issued June 22 was converted into

a temporary injunction and the temporary receivership was continued. We quote from this order:

"* * * the Court having heard and considered the evidence and argument of counsel, is of the opinion and so finds that the books and records of said Universal Insurance Company are kept, maintained and stored in the State of Texas; that the operating bank account of said Universal Insurance Company is maintained and operated in banks in Texas; that the principal officers and management officials of the said Universal Insurance Company, including the President and Vice-President, are now, and have been during the life of said company, residents of the State of Texas; that all underwriting and management of said Universal Insurance Company, including the writing and issuance of insurance policies, is done wholly within the State of Texas; that all claims are processed, approved and paid in the State of Texas; that the equipment used in the operation of its office is all located in the State of Texas; that Universal Insurance Company has its principal place of business at 6911 Almeda [sic], Houston, Texas, and that said Universal Insurance Company is and has been doing business in the State of Texas without first having obtained a certificate of authority as required by law from the State Board of Insurance; that the said Universal Insurance Company has operated in the State of Texas with complete disregard and deliberate circumvention of the insurance laws of the State of Texas; that said Universal Insurance Company does not have the minimum capital and surplus required of such insurance companies doing business within this state and that, therefore, said Universal Insurance Company is totally and hopelessly insolvent; that the President of Universal Insurance Company, to-wit: A. J. Gordon, individually and doing business as Gordon and Company, and also as Time Payment Plan, and Gordon and Company, a corporation, and Time Payment Plan, Inc., a corporation, collected money in the form of premiums on insurance and other collections belonging to Universal Insurance Company, and have received the same as trustee for said Universal Insurance Company, and is now holding such premiums, commissions, and other moneys as trustee for the benefit of Universal Insurance Company, and the same are in truth and in fact the property of Universal Insurance Company; and further finds as a fact that there exists a present and urgent necessity for the immediate entry of an order, directing the Liquidator, C. H. Langdeau, to continue as temporary Receiver to take charge of and preserve, and protect the property, assets, and records of said Universal Insurance Company, and further for conducting the business affairs of said Universal Insurance Company pending final hearing herein, and further that the said Universal Insurance Company, its officers, directors, stockholders, agents, employees, and representatives should be enjoined and restrained from conducting the business of insurance or any other business of said company pending a final determination herein; * * *

"It Is Further Ordered that the order of this Court entered June 22, 1961, directing the Liquidator as Temporary Receiver to take possession shall continue in full force and effect until final disposition of this cause or further orders of this Court, and that the Receiver is hereby granted and given all equitable powers and authority under the statutes and common law of this State authorizing the appointment of a Receiver."

The above orders were entered pursuant to a petition filed by the State through its Attorney General, and at the special request of the Commissioner of Insurance of the

State of Texas, in the nature of Quo Warranto, against Universal Insurance Company alleged to be "a corporation with its principal office at 6911 Alameda, Houston, Texas."

We copy all of the pertinent portions of this pleading:

"II.

"That said defendant Universal Insurance Company has failed and refused to obtain certificate of authority from the State Board of Insurance as a prerequisite to its doing business in this State as required by law.

"III.

"That the said defendant Universal Insurance Company, has failed and refused to file an annual statement for the year ending December 31, 1960, with the State Board of Insurance as required by law.

"IV.

"That the said defendant, Universal Insurance Company, has failed and refused to file with the State Board of Insurance a bond payable to the Board conditioned that said company will pay all its lawful obligations to the citizens of this State as required by law.

"V.

"That the defendant, Universal Insurance Company, is insolvent, having a capital and surplus impairment of $237,-799.59 as of December 31, 1960, and that such capital and surplus impairment renders the defendant company totally and hopelessly insolvent, contrary to the laws of this State.

"That said defendant, Universal Insurance Company, cannot remedy such impairment in the immediate future and that the condition of the affairs of said company is such that it is in the best interest of the creditors, policyholders and stockholders that the said company be forthwith placed in the hands of C. H. Langdeau, Liquidator for the State Board of Insurance, as Receiver to administer its affairs.

"VI.

"That an immediate and imperative necessity exists for the entry of a temporary restraining order and the entry of an order appointing the Liquidator for the State Board of Insurance, C. H. Langdeau, temporary Receiver, to take possession of and administer the affairs of Universal Insurance Company in that immediate and irreparable damage will result to the policyholders and creditors of said company and the public before notice can be served and a hearing held thereon, in that said company, unless restrained, will continue illegally, to operate an insurance business in Texas, and also to incur additional liabilities and further deplete its assets in its present insolvent condition, all to the irreparable harm, injury and prejudice of the creditors and policyholders of said company and the general public and unless during said period of restraint pending a final hearing thereon, said Receiver be authorized to act for and in the stead of said company and administer and protect its affairs and assets in the interim, the assets of said company will depreciate, disappear and be secreted."

Universal's pleading consisted of a plea in abatement and answer.

The plea in abatement asserted that the Court was without jurisdiction and authority to appoint a receiver for it and to issue the injunction because Universal was duly incorporated under the laws of Arkansas and there had its domicile.

By its answer Universal denied that it was insolvent and further specially pleaded as follows:

"(1) This defendant is a corporation, duly incorporated and existing under

and by virtue of the laws of the State of Arkansas, and is authorized under its charter to engage in the business of writing property, casualty insurance excluding workmen's compensation in the State of Arkansas; that its domicile is in the City of Little Rock, Arkansas.

"(2) On or about April 26, 1960, Universal Insurance Company of Arkansas and American Bankers Insurance Company of Florida, entered into a re-insurance agreement, effective as of April 15, 1960; that said re-insurance agreement is a valid and existing agreement and has been in force and effect since the date of its execution.

"(3) Afterwards, by virtue of a valid agreement, Gordon & Company of Houston, Texas, was named as a general agent by the defendant, Universal Insurance Company of Arkansas, and at all times material hereto was authorized to issue the policies provided for under Article 21.38, Insurance Code.

"(4) This defendant shows to the Court that under Article 21.38 of the Insurance Code if a person is unable to obtain a policy of insurance issued by an insurer authorized to do business in Texas, nevertheless a company not authorized to do business in Texas may issue such a policy, by and through an agent holding a certificate of authority issued by the Commissioner of Insurance of Texas, to place such insurance with a nonauthorized insurance company, provided that the other provisions of Article 21.38 of the Insurance Code have been observed and kept.

"(5) This defendant says that A. J. Gordon is the sole owner of the business being conducted under the name of Gordon & Company of Houston, Texas, and at all times material hereto, was the holder of such a certificate of authority to place such lines of insurance with companies not authorized to do business in Texas. In this connection this defendant alleges that Gordon & Company has fully complied with all of the provisions of the Texas laws relating to the issuance of such policies, including filing with the Commissioner of Insurance the affidavits required by said Article, and that the taxes imposed therein upon the gross premiums have been fully paid in accordance with the provisions of said Article.

"(6) This defendant further shows to the Court that substantially all of the policies of insurance issued on its behalf by Gordon & Company have been reinsured under the reinsurance agreement above referred to with American Bankers Insurance Company of Florida; that as to all insurance retained by Universal Insurance Company of Arkansas, adequate reserves have been and are now being maintained, and that as of December 31, 1960, and now, this defendant is a solvent and going concern; that there are no outstanding established claims against it.

"(7) This defendant further shows to the Court that under the laws of the State of Texas and particularly under Article 21.38 of the Insurance Code, this defendant is not required

"(a) to obtain a certificate of authority from the State Board of Insurance or the Commissioner of Insurance as a prerequisite to it issuing the policies of insurance referred to in Article 21.38;

"(b) by law to file an annual statement with the State Board of Insurance of Texas, and is not required to file with the State Board of Insurance a bond payable to the Board conditioned that said company will pay all of its lawful obligations to the citizens of this State.

"(8) This defendant has fully complied with all the provisions of Article 21.38 which authorizes the issuance of policies of insurance on its

behalf under and by virtue of the provisions of said Article."

The State, by supplemental petition alleged that Universal by its course of conduct had established a de facto domicile in the State of Texas.

Universal is an insurance corporation organized and chartered under the laws of Arkansas. It holds a current certificate of authority from Arkansas to engage in the insurance business in that State.

Universal does not have a certificate of authority to engage in the insurance business in Texas.

On January 18, 1960, Universal and A. J. Gordon, doing business as Gordon and Company, a licensed general insurance agent with offices in Houston, entered into a contract which provided that Gordon and Company could issue and deliver a special type of insurance policy for Universal. The insurance to be issued is commonly known as "excess-surplus" insurance and is available to automobile owners who for bad driving records and other reasons cannot obtain property damage insurance from insurers authorized to do an insurance business in Texas.

Sec. 2(a), Art. 21.38, Insurance Code, V.A.T.S., provides, in part, that the Board of Insurance Commissioners, upon payment of the prescribed fee, "may issue to an agent who is regularly commissioned to represent one (1) or more * * * casualty or surety insurance companies, licensed to do business in this State, a Certificate of Authority to place lines of direct * * * insurance in insurer's not licensed to do business in this State."

Sec. 2(b) provides for the posting of a $5,000.00 bond by the applicant for such Certificate of Authority, and 2(c) provides that:

"When any policy of insurance or certificate of insurance is procured under [the] authority of such license, there shall be executed by the insured an affidavit setting forth facts showing that such insured was unable, after diligent effort to procure from any licensed company or companies the full amount of insurance required to protect the property, liability or risk desired to be insured, and further showing that the amount of insurance procured from nonlicensed insurer or insurers is only the excess over the amount so procurable from licensed companies."

Sec. 1 of Art. 21.38, of the Insurance Code provides, in part:

"Art. 21.38. Direct Insurance with Unauthorized Insurers.

"Sec. 1. Purpose of Article.—The purpose of this article is to regulate the placing of policies or contracts, effecting direct insurance, with certain non-authorized insurers, and to subject certain unauthorized insurers to the jurisdiction of courts of this State in suits by or on behalf of insureds or beneficiaries under insurance contracts. The Legislature declares that it is the subject of concern that the placing of such direct lines of insurance with unauthorized insurers is not properly regulated, and that many residents of this State hold policies of insurance issued by insurers not authorized to do business in this State, thus presenting to such residents the often insurmountable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies. In furtherance of such State interest, the Legislature herein provides a regulation as to the placing of such direct lines of insurance in such unauthorized companies, and the method of direct service and substituted service of process upon such insurers, and declares that in so doing it exercises its powers to protect its residents, and to define for the purpose of the Statute what constitutes doing business in this State, * * *"

Sec. 6 of Art. 21.38 provides for service of process upon any unauthorized insurer when sued upon any policy not issued in conformity with the appropriate provisions of the Act, and Sec. 7 provides that in any such suit the insurers, in order to defend the action, must file a bond or securities to guarantee satisfaction of any judgment obtained or procure a Certificate of Authority to transact the business of insurance in this State.

Gordon and Company was and is the holder of a Certificate of Authority issued by the Commissioner of Insurance of Texas under Art. 21.38, supra.

As to each policy of insurance issued or delivered by Gordon and Company under its Certificate of Authority, affidavits on forms approved by the Commissioner of Insurance were executed by the applicants for insurance and they together with 5% gross premium tax were forwarded to the State Board of Insurance.

A. J. Gordon is President of Universal and R. L. Strawn is its Secretary. Together they own most of Universal's stock.

Universal has no employees in Texas. It owns no property in Texas except stationery and a bank account.

Most of the policies issued and delivered by Gordon and Company for Universal, which constitute practically all the insurance business transacted by Universal, are reinsured with American Bankers Insurance Company of Florida which company is authorized to engage in the insurance business in Texas and Arkansas.

The receiver appointed herein is continuing to collect premiums on policies issued by Gordon and Company for Universal.

There are no outstanding unpaid established claims against Universal.

1. Arts. 1380 and 1381 are now Arts. 5.14 and 5.15 of the Texas Miscellaneous Corporation Laws Act. Acts 1961, Reg.Sess.

If there is legally competent evidence in the record to support the finding of the Trial Court that Universal is insolvent, then we are of the opinion that the order appointing a receiver and the order enjoining further activities by Universal through the agency of Gordon and Company were within the province of the Court to enter.

Arts. 1379, 1380 and 1381,[1] Vernon's Ann.Civ.St., provide:

"It shall be unlawful for any insolvent corporation, domestic or foreign, to do business in this State, or to exercise or retain any franchise or permit or charter granted from or by this State." (1379)

"The Attorney General, when convinced that any corporation is insolvent, shall institute quo warranto or other appropriate proceedings to forfeit its charter or cancel its permit." (1380)

"Each district and county attorney shall bring and prosecute the proceedings mentioned in the preceding article whenever directed so to do by the Attorney General. The court trying said cause, after the corporation has been shown to be insolvent, may, in its discretion, appoint a receiver or receivers for said corporation and all its properties, with full power to settle its affairs, collect its outstanding debts and divide the moneys and other properties belonging to said company among the stockholders thereof, after paying the debts due and owing by such corporation, and all expenses incident to the judicial proceedings and receivership. The court may continue the existence of such corporation for three years, and for such further reasonable time as may be necessary to accomplish the objects and purposes of this law." (1381)

p. 408, effective August 28, 1961, Vernon's Ann.Civ.St. arts. 1302–1.01 to 1302–6.26.

It is true that Art. 1379 has been repealed, effective ninety days after May 29, 1961, by Ch. 229, p. 458, Reg.Sess., 57th Leg., 1961. It is to be noted, however, that Sec. 2 of this Act provides:

"The repeal of a prior Act by this Act shall not impair or otherwise affect:

"* * * (2) Any right accrued or established, or any liability or penalty incurred, under the provisions of such Act prior to the repeal thereof."

This saving clause is sufficient, in our opinion, to preserve this statute, if needed, to aid in preventing and enjoining the transaction of business in this State by Universal, a foreign corporation, if in fact it is insolvent.

It is not contended that there is any lawful authority for an insolvent corporation, foreign or domestic, to transact business in this State. The Attorney General has constitutional and statutory authority to "take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power * * not authorized by law." Art. IV, Sec. 22, Texas Constitution, Vernon's Ann.St.; Art. 4409, V.A.C.S. See John L. Hammond Life Ins. Co. v. State, Tex.Civ.App., 299 S. W.2d 163, Austin Civil Appeals, writ ref., N. R. E.

Under the Constitution and statutes, the relevant provisions of which we have cited, it is our opinion that the Attorney General proceeded properly and lawfully in questioning the solvency of Universal.

There is in evidence a balance sheet prepared by an auditor employed by the Liquidation Division of the State Board of Insurance showing Universal to be insolvent in the sum of $4,757.80. This balance sheet was prepared from information obtained by an examination of the books of Universal and from its Vice President, R. L. Strawn.

Universal takes the position that this balance sheet was inadmissible in evidence because it was based partly on hearsay and there was no showing that its books were properly kept so as to be admissible.

It is our opinion that Universal is in no position to complain that its books were improperly kept. The books of Universal, and information obtained from them and from its Vice President, are in the nature of admissions and, if against interest, are admissible as such. Sec. 1252, McCormick and Ray, Texas Law of Evidence, 2nd Ed.

It is our opinion that this balance sheet tends to support a final determination that Universal is insolvent, and hence furnishes a reasonable basis for concluding that the State has a probable right of recovery in this action.

The judgment of the Trial Court is affirmed.

Affirmed.