STATE BOARD OF INSURANCE ET AL V. HONORABLE CHAS O.
BETTS, DISTRICT JUDGE ET AL.

No. A-6540. Decided January 15, 1958.
(308 S.W. 2d Series 846)

*Will Wilson*, Attorney General, *James N. Ludlum, Fred B. Werkenthin*, and *C. K. Richards*, Assistants Attorney General, for relators.

*Cantey, Hanger, Johnson, Scarborough & Gooch*, of Fort Worth, *Harry S. Pollard, of Austin, Eskridge, Groce & Hebdon, Josh H. Groce*, and *Rudy G. Rice*, all of San Antonio, and *Renne Allred, Jr.*, of Bowie, for himself, all respondents.

MR. JUSTICE NORVELL delivered the opinion of the Court.

This is an original action in mandamus seeking an order requiring the Honorable Chas. O. Betts, Judge of the District Court of Travis County, Texas, 98th Judicial District, to expunge from the records of his court all orders entered in certain insurance receivership cases which designate Renne Allred, Jr., Esq., as attorney for the statutory receiver, J. D. Wheeler, and fix his compensation.[1]

---

1.—The orders appointing Allred as attorney for the receiver and here attacked as being void were entered in the following causes upon the dates indicated:

No. 103,009. State of Texas v. U. S. Trust and Guaranty Company — Februaary 8, 1957.

No. 106,184. State of Texas v. ICT Insurance Company — February 19, 1957.

No. 105,421. State of Texas v. Provident American Trust Company — March 28, 1957.

No. 98,365. State of Texas v. Lloyds of North America — May 1, 1957 — General order confirming appointments above named and appointing Allred attorney for the receiver in all receivership cases then pending in the 98th District Court. The causes listed as pending are the following: No. 62,752, America nAgency Lloyds; No. 78,320, Keystone Mutual Casualty Company; No. 84,101, Old Reliable County Mutual Fire Insurance Co.; No. 87,868, United County Mutual Insurance Company; No. 87,869, Rio Grande County Mutual Fire Insurance Company; No. 89,177, Lincoln County Mutual Fire Insurance Company; No. 91,611, Rhode Island Insurance Company; No. 92,053, Bexar County Mutual Insurance Company; No. 97,629, United Lloyds, et al; No. 98,144, Lloyds of Great State; No. 98,365, Lloyds of North America, et al; No. 99,804, Pioneer Western Mutual Insurance Company; No. 101,264, Mutual of Texas Fire and Automobile Ins. Co.; No. 102,903, Home Service Casualty Insurance Company; No. 103,032, All American Home Lloyds, et al; No. 103,133, Dallas Fire Casualty Insurance Company, et al; No. 103,134, U. S. Life Insurance Company, et al; No. 103,272, Texas Union County Mutual Insurance Company; No. 103,583, American Home Mutual Life Insurance Co., et

■ This Court is not vested with general supervisory power over the district courts but its original jurisdiction is limited to that conferred by definite constitutional provisions and statutes enacted thereunder. Article 5. § 3 of the Constitution of Texas, Article 1733, Vernon's Texas Stats.; Yett v. Cook, 115 Texas 175, 268 S.W. 715 and 281 S.W. 843; State v. Ferguson, 133 Texas 60, 125 S.W. 2d 272; Lowe and Archer, Texas Practice §480. Before the relief prayed for may be granted by this court it must definitely appear that the questioned orders of the district court are wholly void. If an exercise of discretion by the district judge be involved this court may not assert its original jurisdiction to enforce its own judgment, even though the actions of the district judge may have been improvident or otherwise erroneous. Seagraves v. Green, 116 Texas 220, 288 S.W. 417. "The writ (of mandamus) will not lie to correct a merely erroneous or voidable order of the trial judge, but will lie to correct one which he had no power to enter and which was, therefore, void." State v. Ferguson, 133 Texas 60, 125 S.W. 2d 272, 274.

■ The briefs of the parties discuss a number of questions relating to constitutional law and statutory construction, but the controlling circumstance which precludes the issuance of the writ in this case is that the respondent, district judge, was exercising a discretionary authority vested in him by the statutory provisions relating to the liquidation of insurance companies and such action cannot be considered void. This situation remains unchanged, although the district judge, in entering the disputed orders, may have stated an erroneous or legally invalid reason for the entry thereof.

It is the position of the Attorney General, representing the State Board of Insurance and Insurance Commissioner, that under the provisions of the 1955 Act amending Article 21.28 of the Texas Insurance Code of 1951, relating to the "Liquidation, Rehabilitation, Reorganization or Conservation of Insurers" the sole and exclusive authority to appoint an attorney for the receiver of an insurance company is vested in the Insurance Commissioner and the State Board, Acts 1955, 54th Leg., Ch. 267, p. 737, (Article 21.28, Vernon's Ann. Texas Insurance Code), particularly Sections 2a and 12b thereof.

al; No. 103,669, Merchants National Life Insurance Company; No. 103,750, Home Life Accident Insurance Company, et al; No. 103,790, American Atlas Life Insurance Company, et al; No. 104,029, John L. Hammond Life Insurance Company, et al.

The respondent, district judge, in his answer to the application for the writ takes the somewhat extreme position (which is supported by respectable authority) that the liquidation proceedings pending in his court are essentially judicial receiverships and consequently he and he alone is legally authorized to appoint a receiver and to determine who shall represent the reciver as an attorney.

The answer of respondent Allred contains factual allegations as to the circumstances preceeding and surrounding his appointment which will be hereinafter noticed in some detail.

The statutory provisions bearing upon the present controversy are largely contained in Article 21.28 of the Insurance Code, as amended in 1955. Certain changes in the Code were also enacted in 1957 by the 55th Legislature which reorganized the agency charged with the administration of the insurance laws of the state.

The 1957 Act created a State Board of Insurance composed of three members who were required to operate and function as a body or unit. Such Board is authorized to appoint an Insurance Commissioner who in turn is empowered to "appoint such deputies, assistants and other personnel as are necessary to carry out the duties and functions devolving upon him and the State Board of Insurance under the Insurance Code of this state, subject to the authorization by the Legislature in its appropriation bills or otherwise, and to the rules of the Board." [Art. 1.09 (g) ]. All powers and duties formerly vested in or devolving upon the Board of Insurance Commissioners, its chairman, the Life Insurance Commissioner, the Fire Insurance Commissioner or the Casualty Insurance Commissioner are vested in the State Board of Insurance as a body to be administered by the Commissioner of Insurance as the chief administrative officer of the Board, it being specifically provided that "The duties of the State Board of Insurance shall be primarily in a supervisory capacity and the carrying out and administering the details of the Insurance Code shall be primarily the duty and responsibility of the Commissioner of Insurance acting under the supervision of the Board." [Art. 102(b) ]. Senate Bill 222, Acts 1957, 55th Leg., ch. 499, p. 1454, amending Articles 1.02, 1.03, 1.04, 1.05, 1.06, 1.07, 1.08 and 1.09 of the Texas Insurance Code and adding Articles 1.09-1, 1.09-2 and 1.09-3 thereto. Vernon's Ann. Texas Ins. Code, Arts. 1.02 to 1.09-3 incl.

This Act became effective on June 12, 1957 and shortly there-

after the Governor appointed Judge Penn J. Jackson, Joe P. Gibbs and David B. Irons as members of the State Board of Insurance and designated Judge Jackson to act as Chairman. The Board in turn selected William A. Harrison as Commissioner of Insurance and such named parties appear as relators herein.

The pertinent sections of the 1955 amendment to Article 21.28 of the Insurance Code as amended in 1955 are as follows:
"Section 1.   Definitions. For the purposes of this article:

\* \* \*

"(d) 'Liquidator' means the person designated by the Board of Insurance Commissioners as receiver, liquidator, rehabilitator, or conservator of all insurers as defined herein.

\* \* \*

"Section 2.   General Procedures.

"(a)   Receiver Taking Charge. Whenever under the law of this State a court of competent jurisdiction finds that a receiver should take charge of the assets of an insurer domiciled in this State, the liquidator designated by the Board of Insurance Commissioners as hereinafter provided for shall be such receiver. The liquidator so appointed receiver shall forthwith take possession of the assets of such insurer and deal with the same in his own name as receiver or in the name of the insurer as the court may direct.

\* \* \*

"Section 12.   Liquidator, Assistants, Expense Accounts.

"(a)   Liquidator, Bond. The liquidator herein named shall be appointed by a majority of the Board of Insurance Commissioners, and shall be subject to removal by a majority of said Board, and before entering upon the duties of said office, shall file with the Board of Insurance Commissioners a bond in the sum of Ten Thousand Dollars ($10,000), payable to the Board of Insurance Commissioners for the benefit of injured parties, and conditioned upon the faithful performance of his duties and the proper accounting for all moneys and properties received or administered by him.

"(b).   Appointments, Expenses. The Board shall have the

power to appoint and fix the compensation of the liquidator and of such special deputy liquidators, counsel, clerks, or assistants, as it may deem necessary. The payment of such compensation and all expenses of liquidation shall be made by the liquidator out of funds or assets of the insurer on approval of the Board. An itemized report of such expenses, sworn to by the liquidator and approved by the Board, shall be presented to the court from time to time, which account shall be approved by the court unless objection is filed thereto within ten (10) days after the presentation of the account. The objection, if any, must be made by a party at interest and shall specify the item or items objected to and the ground of such objection. The court shall set the objection down for hearing, notifying the parties of the setting. The burden of proof shall be upon the party objecting to show that the items objected to are improper, unnecessary or excessive."

A statutory liquidator operating under rather extensive judicial control is provided for and such plan of delinquency proceedings is not new to American jurisprudence. It has been adopted and placed in force by a number of the American states, notably New York, Illinois and Michigan. The New York courts have said that the purpose of these acts, providing for a central statutory liquidating authority, "was to provide for an economical liquidation of insolvent insurance companies through the agency of a state department, and prevent the waste of assets which theretofore had been occasioned through (judicial) receiverships." In re Knickerbocker Life Ins. Co., 199 Apps. Div. 503, 191 N.Y.S. 780, 781. In the case of Casualty Co. of America, 244 N.Y. 443, 155 N.E. 735, the Court of Appeals said that, "The liquidation of insurance companies in this state is governed by a statute adopted in its main features in 1909. The System of liquidation by receivers specially appointed had proved to be dilatory and wasteful. The Legislature substituted administration by a department of the government. Upon the application of the superintendent of insurance an order may be made by the Supreme Court for the liquidation of the business. The work is to be done by the superintendent and his deputies, but under the supervision of the court and subject to its direction."

As to the powers and duties of statutory liquidators or receivers acting under judicial control or supervision, see Laws 1909, ch. 300 as amended, Consol. Laws, ch. 28, cited in the case of Casualty Company of North America, supra. Part. 4, New York Insurance Law, Sections 400-601, incl., particularly Sec-

tions 513, 514, 526, 528, 532, 539, 540 and 544, Volume 5, New York, Consolidated Laws Service. Illinois Insurance Liquidation Act. particularly Sections 800, 803,, 805, 817, 814 S.H.A., ch. 73; Sections 66.863, 66, 68, 70, 77, Vol. 11, Jones Illinois Statutes Annotated. Carpenter v. Pink, 133 Texas 82, 124 S.W. 2d 981, involving a New York receiver and liquidator. People ex rel. Palmer v. Niehaus, 356 Ill. 104, 190 N.E. 349; Gauss v. American Life Ins. Co., 290 Mich. 33, 287 N.W. 368 in which it was said that the Michigan liquidation law was copied almost verbatim from the New York law of 1909. Cf. Clark v. Williard, 292 U.S. 112, 54 Sup. Ct. 615, 78 L. ed. 1160.

Respondents call attention to the cases of State ex rel. Sorensen v. State Bank of Minatare, 123 Neb. 109, 242 N.W. 278 and Cooper v. Otero, District Judge, 38 N.M. 164, 29 Pac. 2d 341 as persuasive authority for the proposition that the statutory enactment providing that the liquidator selected by the Board shall act as a receiver in cases brought under Article 21.28 of the Insurance Code must be construed as directory rather than mandatory, otherwise section 2(a) thereof would be invalid under under Article 2, Section 1 of the Texas Constitution which provides for the division of governmental powers among three distinct departments. The constitutional question is not squarely presented insofar as the receiver is concerned in that the district judge in the cases here involved has permitted the statutory liquidator to act as receiver. John L. Hammond Life Ins. Co. v. State, Texas Civ. App., 299 S.W. 2d 163, wr. ref. n.r.e. It would, however, necessarily follow that if the district judge possessed the untrammeled right to appoint whom he pleased as receiver, he would likewise possess the power to choose deputy and assistant receivers, attorneys and the like. In other words, if Article 21.28, Section 2(a) be construed as nothing more than a legislative recommendation, then Article 21.28, Section 12(b) would have to be given a similar construction.

█ It is well settled and in fact conceded by respondents that the liquidation of the assets of a corporation and the winding up of its affairs is not necessarily a judicial function. Chapman v. Guaranty State Bank, Texas Com. App., 267 S.W. 690, holdings approved by the Supreme Court. State ex rel. Palmer v. Niehaus, 356 Ill. 104, 190 N.E. 349. This may be accomplished through administrative procedures as well as through equity receiverships. Respondents refer to Article 21.28 proceedings as judicial receiverships and those relating to the liquidation of state banks as administrative proceedings, and undoubtedly the district court does exercise more control in the liquidation of

insurance companies than it does in the case of state banks. Compare, Texas Banking Code of 1943, Vernon's Ann. Texas Stats., Articles 342-101 to 342-901 incl. However the controlling factor in settling the constitutional point presented is the presence or absence of interference with effective judicial control occasioned by the executive power to select a liquidator. While examples of gross failures of both judicial and executive liquidation or receivership proceedings may be cited, it cannot be gainsaid that certain advantages are attained by the establishment of a central liquidation office for corporations like insurance companies which do a state-wide or inter-state business. Neither the experience of other states with this type of organization nor the extensive authority with reference to remedies vested in the Legislative branch are to be disregarded. Ex Parte Hughes, 133 Texas 505, 129 S.W. 2d 270. A judge in appointing an equity receiver may have in mind a number of competent individuals. His ultimate selection of one does not render all others incompetent. It is only when the functioning of the judicial process in a field constitutionally committed to the control of the courts is interfered with by the executive or legislative branches that a constitutional problem arises. This seems to be the view of the New York, Illinois and Michigan courts as well as that indicated by the available Texas authorities.

However this does not mean that under no circumstances can a district court appoint a receiver for an insurance company or what is more to the point in this case,—an attorney for a receiver. Co-ordination or co-operation of two or more branches or departments of government in the solution of certain problems is both the usual and expected thing. Kuechler v. Wright, 40 Texas 600, 643. The system of checks and balances running throughout the governmental structure of both general and state organizations while designed to prevent excesses, is not intended to make effective action impossible. A due regard for the powers and jurisdiction of the governmental departments involved is essential and for the purposes of the present case it is necessary to examine the provisions of Art. 21.28 in some detail, particularly as they relate to the judicial power.

Before a liquidator or receiver may take charge of the assets of an insurer a "court of competent jurisdiction" must find that such action should be taken (Sec. 2a—domestic companies, Sec. 13, foreign companies). The property and assets of the insurer shall be in the custody of the court as of the date of the commencement of the proceedings. The title of the receiver to

such assets shall relate back to such date unless the court directs otherwise (Sec. 2b). The rights and liabilities of the insurer and its creditors, policyholders, members, officers, directors, stockholders, agents, and all other persons interested in the estate, shall, unless otherwise directed by the court, be likewise fixed as of the date of the commencement of the proceeding, subject to certain exceptions (Sec. 2-c). The court is authorized to require an additional bond of the receiver or any deputy, assistant or employee (Sec. 2-d). The receiver in conducting the business of the insurer acts subject to the direction of the court (Sec. 2-c). A copy of the inventory prepared by the receiver must be filed with the clerk of the court (Sec. 2-b). Sales and composition of debts negotiated by the receiver are subject to the approval of the court (Sec. 2-g). The action of the receiver in approving or rejecting claims is the subject of judicial review (Sec. 3-h). The court is empowered to issue an injunction and other orders to protect the assets of the estate and prevent interference with the receiver's administration threof (Sec. 4). The court is invested with a discretion in the payment of preferred claims for wages (Sec. 6). The levy of assessments upon members of certain types of insurance organizations may be ordered by the court upon application of the receiver (Sec. 7). The distribution of assets and payments to creditors are made under the court's direction (Sec. 8). The court may direct that apparently surplus assets of a stock insurance company be transferred to agents selected by the stockholders for further liquidation for the benefit of the stockholders (Sec. 9-a). When the insurer is not a stock insurance company the court may direct the disposition of surplus assets (Sec. 9-b). In the discretion of the court a receivership may be re-opened for continued liquidation of assets discovered after the case had been closed (Sec. 9-d). Expenses of a receiver in investigating claims may be approved by the court as a charge against the delinquent company and paid as a part of the expenses of administration (Sec. 10-b). Itemized reports of compensation paid to deputies and employees of the liquidator and the expenses of liquidation shall be presented to the court for approval (Sec. 12-b). The liquidator may be required to file special reports with the court as well as a final report (Sec. 12-c). The court may authorize contracts between the respective receivers of the delinquent insurer operating in both Texas and other states (Sec. 14). The receiver's authority to negotiate loans and pledges is subject to the approval of the court (Sec. 15).

From the foregoing it will be seen that the Legislature has provided an extensive judicial control of delinquency proceed-

ings. Further, the authority of the court is not strictly limited to those matters expressly mentioned but extends to and includes all powers which are essential to render effective the exercise of the authority delegated by statute. Undoubtedly circumstances could arise which would make it essential for the court to appoint an attorney in order to carry out and discharge the extensive responsibility placed upon it by the statutory enactment. This being true, such order of appointment would not be void.

In People ex rel. Palmer v. Niehaus, 356 Ill. 104, 190 N.E. 349 an original mandamus case decided by the Supreme Court of Illinois, it appears that at the outset of the proceeding the district judge appointed receivers other than those designated by the Illinois director of insurance. The question there presented was whether the district judge or the director of insurance had the power to make the initial appointment. This was not a case in which the district judge, during the course of liquidation proceedings, asserted the power to select a receiver in order to make effective the control vested in him by law.

■ In the present case, however, such issue, insofar as an attorney is concerned, is presented by the factual allegations contained in the answer of the respondent Allred. It is alleged that for some time prior to September 15, 1954 Allred had been acting as attorney for the liquidator under appointment of the Board of Insurance Commissioners as then constituted but upon the date mentioned he was discharged by the Board. Thereafter on October 11, 1954 the three District Judges of Travis County set aside their previous appointments of respondent Allred as attorney for the receiver in all cases pending in thier courts wherein the liquidator had been appointed as receiver and Emmett Shelton, Esq., a practicing attorney of Travis County, Texas was appointed by the Board in Allred's place. The Travis County courts entered no formal orders designating Mr. Shelton as attorney for the receiver but permitted him to act in that capacity in an attempt to co-operate with the Board of Insurance Commissioners. However, on January 8, 1957 Mr. Shelton resigned and the Board designated no one to succeed him, whereupon the respondent Betts, District Judge, reappointed Allred as Attorney for the receiver in the cases here involved. These orders are now under attack in this proceeding.

It accordingly appears that during the pendency of liquidation proceedings affecting a number of insurance companies, the attorney for the receiver primarily charged with the performance of legal services to the receiver in connection with specific

cases tendered his resignation and that no other attorney was designated by the Board in his stead. A case is presented wherein the district judge became dissatisfied with the course and direction of administration because of what, in his opinion, was an inability or failure of the personnel charged with serving the court in the discharge of its functions. Under such circumstances the district judge is vested with a discretionary power to remedy the defect.

This is not a case in which we can say from the pleadings before us that the trial judge has acted capriciously or arbitrarily in rejecting an attorney appointed by the Board. If, in the discharge of the duties of supervision placed upon him by statute, the District Judge decides that other or additional counsel are essential to the proper administration of a pending receivership case, such decision, while it may be subject to correction in other proceedings, may not be held void in a mandamus action in the absence of a clear showing of unreasonable, capricious and arbitrary action.

It seems that the holdings of the New York Court of Appeals are in accord with this view. In the case of In re Casualty Company of America, 244 N.Y. 443, 155 N.E. 735, 736, heretofore mentioned, the Court, while recognizing that extensive powers are vested in the executive officer, the superintendent of insurance, nevertheless held that such superintendent was not the exclusive and final authority in setting the fees to be paid by an attorney for the liquidator in an important lawsuit. In speaking of the power of the court as opposed to that asserted by the superintendent over the claim for attorney's fees, Chief Judge Cardozo said:

"The power of the court to liquidate this claim and direct its payment from the assets does not depend upon the power of approval reserved by subdivision 6, where the amount has been fixed by the liquidator through agreement with the creditor or with the creditor's consent. The power is incidental to the supervision and direction of the course of liquidation. Section 63, subd. 3. By the settled practice of the Court of Chancery, one who supplies services upon the winding up of a business at the hands of a receiver may apply to the court by summary petition for the allowance of his claim for payment upon allowance. High on Receivers, Section 254-b; 19 Abb. N.C. 371 et seq., note. We cannot doubt that a like jurisdiction, and one equally summary, exists today as an incident to the judicial supervision of the liquidation of an insurance company by the statutory liquidator.

There was some suggestion in the court below that the claimant's remedy, if any, was a remedy by action, and not by motion or petition. The boon of prompt and economical administration would be needlessly sacrificed if this suggestion were accepted. The power to supervise and direct the time and method of liquidation is a power to determine the extent and validity of claims arising in the course of liquidation and growing out of its necessities."

In the case of National Bondholders Corporation v. Joyce, 276 N.Y. 92, 11 N.E. 2d 552, 553, it appeared that the Court had authorized the bringing of an action against the former directors and officers of the National Surety Company despite the recommendation of the superintendent to the contrary. The Court with his acquiescence relieved the superintendent of the duty of instituting an action and directed that groups of bondholders, creditors, and stockholders name three individuals to act as plaintiffs in a representative capacity. The Court also appointed counsel to institute the action to prevent the running of the statute of limitations. Before trial an offer of settlement was submitted by defendants to plaintiffs who in turn submitted the same to the court for its approval. At this juncture, Joyce sought to intervene but was refused permission by the trial court. The Court of Appeals held that the right of intervention was subject to the discretion of the trial court and discussed the position of that trial court in relation to liquidation proceedings under the New York statute. The Court said:

"* * * The conduct of the liquidation is subject in all its phases to the supervision and control of the court, except in so far as the Legislature may have vested discretionary power in the superintendent. Save for this, the court, in its discretion, may veto the acts of the superintendent as liquidator, and is vested with a discretion which may override that of the superintendent. If the present action had been brought by the superintendent, his conduct would have been subject to the supervision and discretion of the court, in accordance with the decisions of this court. In such an action the application of a stockholder to intervene would rest within the discretion of the court. In Matter of People, by Van Schaick (Title & Mortgage Guarantee Co. of Buffalo), 264 N.Y. 69, 80, 190 N.E. 153, 156, 96 A.L.R. 297, this court said: 'The Superintendent becomes a statutory receiver; the property of the corporation is brought into the protective arm of the law and the receiver is subject to directions of the court except in so far as discretionary power is vested by the Legislature in him.'

"In the case at bar, the superintendent was unwilling to bring the present action. This fact does not diminish the responsibility and discretion of the court. Indeed, the facts would seem to show that inasmuch as here the court directed this action to proceed, and approved the complaint, these functions of the court became of even greater importance. Upon the withdrawal of the Superintendent of Insurance, the discretion of the court became exclusive. By directing and authorizing the present action, the court did not oust itself from its full discretion. In the discharge of this discretion, the court authorized the bondholders, other creditors, and stockholders to nominate three individuals, one from each group, to prosecute the actions. Each of the plaintiffs was chosen to represent all the members of such groups in the institution of this action, and the court at Special Term has found that the action "is in the hands of competent attorneys to whom it was entrusted after careful consideration'."

In our opinion the Texas statute does not vest the State Board and its Commissioner with the sole and exclusive power to appoint counsel under any and all conditions. Once liquidation has begun, the court is not rendered powerless to carry out its heavy responsibilities by a nonperformance or misperformance on the part of the Board or its Commissioner. It follows that an order of the court appointing an attorney to assist in liquidation proceedings is not void.

Accordingly the application for mandamus is denied.

Opinion delivered January 15, 1958.