

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 13, 1973

Honorable Charles F. Herring, Chairman
Senator Jurisprudence Committee
Senate of the State of Texas
Austin, Texas

Opinion H-18

Dear Senator Herring:

Re: Constitutionality of House
Bill 2

Your letter of February 22, 1973 requested our opinion as
to the constitutionality of H.B.2, called the Lobby Control
Act, particularly with respect to the rights of petition and
free speech.

Basically, H.B.2 provides in Sections 3 through 5 for reg-
istration of those engaged in efforts to influence legislation
or administrative action; for activities reports by those re-
quired to register, and for a State Ethics Commission to inves-
tigate violations of the act, render advisory opinions, and to
advise other State officers of violation.

Although the Legislature undoubtedly has the right to so
provide for the registration of those engaged in efforts to di-
rectly influence legislative or executive action, and to require
such registrants to furnish relevant information, the classifica-
tions of persons covered and of the information sought must be
reasonable, so as not to improperly infringe upon First Amend-
ment rights, and must not be so vague as to violate the concept
of due process. The path to be taken, and much of the ground
to be avoided, was shown by the Supreme Court of the United
States in United States v. Harriss, 347 U.S. 612, 98 L.Ed. 989,
74 S.Ct. 808 (1953), construing the Federal Regulation of Lobby-
ing Act (2 U.S.C. §261, et seq.).

The legislation approved in Harriss was construed by the
Court to cover those who solicit, collect, or receive money or
other things of value to directly influence legislation, or who
engage agents to do so. In our opinion, the regulatory scheme
of H.B.2, requiring registration also of those who spend money
or other things of value to directly influence legislative or
administrative action, is equally permissable. In selecting mon-
etary parameters for such regulations, the Legislature is in-
vested with broad discretion so long as the selection is rea-
sonable.

We further are of the view that the Legislature may reasonably classify the persons to be covered in terms of amounts of money or other things of value solicited, collected, received or spent by themselves or by their paid or reimbursed agents to directly influence legislative or executive action. We do not believe, however, that it is constitutionally permissible to attempt regulation of grass roots lobbying activities or campaigns of public persuasion which do not in themselves amount to direct governmental contacts. Awakening public concern about an issue is generically different from personally attempting to directly affect governmental action.

Applying the above discussed general principles to the legislation at hand, we conclude that H.B.2 is constitutional in many of its aspects, but not all.

## Persons Covered

In the context of this Bill and its purpose, the forced registration of those who make expenditures "to solicit other persons by an advertising campaign to communicate directly with members of the legislative or executive branch to influence legislation or administrative action" goes too far, we think, and amounts to an improper burden on free speech. We do not believe the Courts would find a compelling state interest in the regulation of such activities. Cf. U.S. v. Harriss, supra; U.S. v. Rumely, 345 U.S. 41, 97 L.Ed. 770, 73 S.Ct. 543 (1953); Eastern Railroad Conference v. Noerr Motor Freight, 365 U.S. 127, 5 L.Ed. 2d 464, 81 S.Ct. 523 (1961); NAACP v. Button, 371 U.S. 415, 9 L.Ed. 2d 405, 83 S.Ct. 328 (1963); NAACP v. Patty, 159 F.Supp. 503 (E.D. Va., 1958), vacated on other grounds, sub nom, Harrison v. NAACP, 360 U.S. 167, 3 L.Ed. 2d 1152, 79 S.Ct. 1025 (1959).

We cannot say that exempting from registration requirements those who expend less than $150.00 per quarter, or any other reasonable figure, to influence legislation is unconstitutionally discriminatory, because the purpose of the Bill is to identify substantial interests which directly seek to influence legislative or administrative action. In the political world, there is a readily ascertained correlation between the value of interests to be protected and the amounts of money ordinarily spent in attempting to protect them. Such legislative distinctions follow a pattern set by the Federal Election Campaign Act, 2 U.S.C. §§431, 432, et seq., and the Texas Campaign Expenditure Law, Article 14.04, Texas Election Code.

There are other coverage problems. We believe the exemption of legislative and executive officers and employees from the class of salaried persons required to register, without exempting those attached to the judicial branch, places a burden upon the judiciary which amounts to an encroachment upon the constitutional prerogatives of that branch, and cannot be sustained. Article 2, §1, Texas Constitution; State Board of Insurance v. Betts, 308 S.W. 2d 846 (Tex. 1958).

Certain other exemptions allowed by Section 4 make discriminations based upon the identity of the actor rather than upon the character of the act. Certain news people, lawyers and clerics are not required to register, though others engaged in essentially identical activities must. Such classifications appear unreasonable in the context of the Bill's purpose, and for that reason, seem to violate the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution, Reed v. Reed, 404 U.S. 71, 30 L.Ed.2d 225, 92 S.Ct. 251 (1971); Cf. Attorney General Opinion H-15 (1973).

## Vagueness

Vagueness in a statute is often a fatal vice, and while the courts have sometimes tolerated less precise language in lobby regulatory legislation than they might otherwise do (Cf. U.S. v. Harriss, supra), there are still limits which must be observed. Texas Liquor Control Board v. Attic Club, 457 S.W. 2d 41 (Tex. 1970).

Included in the definition of "Person" set out in Section 2 of the Bill, in addition to individuals, corporations, associations, firms, partnerships, committees, clubs, or other organizations, is the further designation, "or group of persons". The designation is not limited to those persons voluntarily acting in concert, or otherwise intentionally lending their presence to an identifiable combination, and it is difficult to determine whom the Bill intends to subject to its provisions by that designation.

Some of the disclosures required by the "Activity Report" that registrants must periodically file appear overly broad and perhaps impossible of performance. The identification of "other registrants" receiving benefits from the registrant, for instance, is not tied in any way to expenditures or efforts intended to directly influence legislative or administrative action. The requirement that measures privately supported be revealed, as well as those supported through direct governmental contact, is too broad. Nor can an unrelated regis-

trant be made criminally responsible for reporting the activities of others. And, certainly the registrant cannot reasonably be required to report expenditures by others (even its employees) unless they were made on its behalf and with its express or implied consent, or which it ratified.

## Penalties

The penalty provisions of the Bill require attention. Insofar as "persons" are legal entities, we believe the Legislature may command that they be convicted of crimes committed in that capacity, assuming the proper procedural machinery is made available. Cf. Ralph Williams Gulfgate Chrysler Plymouth Inc. v. State, 466 S.W.2d 639 (Tex. Civ. App., Houston-14th 1971, writ ref., n.r.e.); Corporate Criminal Liability, 24 S.W. L.J. 93 (1970); Corporate Criminal Liability In Texas, 47 T.L.R. 60 (1968); Attorney General Opinions M-348 (1969) and V-491 (1948). In Attorney General Opinion M-348 (1969) it was concluded that though corporations might be convicted of crimes, partnerships and associations could not be so convicted. That opinion overlooked the "entity" character of partnerships in Texas today [see Texas Uniform Partnership Act, Art. 6132b, V.T.C.S., and such cases as U.S. v. A & P Trucking Co., 358 U.S. 121, 3 L.Ed.2d 165, 79 S.Ct. 203 (1958)]. Our reexamination leads to a different conclusion. We believe partnerships can be made liable for criminal conduct.

But the Bill does not presently provide the necessary procedural devices. Cf. Article 698c, Sections 8-13, and Article 698d, Sections 7-12, V.T.P.C. Moreover, limiting the monetary penalty for filing false information to $1,000.00 for individual violators, and authorizing a fine of $10,000.00 against corporate offenders, but providing no penalty for guilty non-corporate entities is, we believe, violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## Ethics Commission

Lastly, the Bill's provisions setting up a State Ethics Commission are for all practical purposes identical with those discussed in Attorney General Opinion H-15 concerning H.B. 1, the Ethics Bill, and we refer you there for our commentary on those passages.

## S U M M A R Y

The Legislature may require registration by those who spend money or other things of value to directly influence legislative or administrative action (and by the agents thereof) and may reasonably adopt registration requirements based on amounts so spent.

The forced registration of those who merely make expenditures to solicit others by advertising campaigns, etc., to communicate directly with members of the executive or legislative branches impermissibly burdens the right of free speech in the context of the proposed legislation.

The omission of judicial personnel from those governmental officers and employees exempted from registration requirements when acting officially is impermissible.

Arbitrary discriminations among persons similarly situated and engaged in essentially identical activities are constitutionally prohibited.

Vague definitions and reporting requirements should be corrected to avoid overbreadth.

Criminal penalties must not be imposed on an arbitrarily selective basis and a special procedural basis must be established to effect the conviction of legal entities other than natural persons.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY YORK, Executive Assistant

DAVID M. KENDALL, Chairman
Opinion Committee