Honorable Robert E. Davis Chairman Productivity Bonus Commission P.O. Box 12428, Capitol Station Austin, Texas 78711
Re: Authority of the Productivity Bonus Commission created by article 6252-29, V.T.C.S. (RQ-1459)
Dear Mr. Davis:
You ask a number of questions concerning the Productivity Bonus Commission, article 6252-29, V.T.C.S. We will first describe the Commission and highlight its key functions before discussing each of your questions.
The Commission is charged with administering a program designed to produce savings for the taxpayers by reducing the operating costs of state agencies through the improvement of productivity by means of techniques specified in the statute. See generally V.T.C.S. art. 6252-29, § 6. The Commission is composed of the comptroller of public accounts, the State Auditor, the director of the Legislative Budget Board, a member of the governor's staff, the classification officer appointed under the Position Classification Act of 1961 (art. 6252-11, V.T.C.S.), an officer or employee of a political subdivision of the state, and three persons from private industry who have experience in the administration of incentive pay programs. V.T.C.S. art. 6252-29, § 2(a).
State agencies in the executive and judicial branches of the government, with the exception of the governor's office and institutions of higher education, may elect to participate in the program outlined in the statute by submitting a plan that "outlines a strategy . . . that, if implemented, would cause the agency . . . to qualify for a productivity bonus." Id. § 4(a). The Act contains detailed instructions and criteria for the Commission to use in determining whether an agency plan produces cost savings in its yearly operations which qualify for a productivity bonus. Id. §§ 5 and 6. Bonuses actually awarded are presented to employees of the agency and result in an increase of the funds available to the agency for its operations during a subsequent fiscal year. Id. § 9. A portion of any cost savings accrued through increased productivity is to be returned to the fund in the treasury from which the agency receives appropriations. Id.
Finally,
 [i]t is the intent of the legislature that a state agency or a division of an agency that reduces its cost of operations and qualifies for a productivity bonus . . . may not be penalized for those savings through a corresponding reduction in appropriations for the subsequent fiscal biennium.
V.T.C.S. art. 6252-29, § 9(e).
You first ask whether the Productivity Bonus Act grants powers of the executive branch to the Productivity Bonus Commission.
The Productivity Bonus Commission is charged with very specific duties involving the execution of a detailed legislative mandate. See, e.g., V.T.C.S. art. 6252-29, §§ 7 and 8. Its executive powers are neither few nor de minimis. See Attorney General Opinion JM-141 (1984). The legislature has expressly conferred authority upon the Commission to execute the law and to determine the manner in which appropriated funds are expended. It also has those powers which are necessarily implied from the express grant of authority. Railroad Commission of Texas v. Red Arrow Freight Lines, Inc., 96 S.W.2d 735 (Tex.Civ.App.-Austin 1936, writ ref'd). The powers of the Commission thus are wholly executive — they will be used not for ceremonial or advisory purposes, but to execute the law and provide for the disbursement of appropriated funds in a pattern selected by the Commission.
You next ask:
 If the Commission is an executive agency, does the composition of the Commission — the presence of members of the legislative branch — violate the doctrine of separation of powers?
 Article II, § 1 of the Texas Constitution provides for the separation of powers between the executive, legislative, and judicial branches.
 The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted. (Emphasis added.)
Tex. Const. art. II, § 1.
The doctrine of separation of powers serves as a "self-executing safeguard against the encroachment or aggrandizement of one branch [of government] at the expense of the other." Buckley v. Valeo, 424 U.S. 1, 122 (1976). "No political truth is certainly of greater intrinsic value or is stamped with the authority of more enlightened patrons of liberty." Madison, The Federalist No. 47, p. 324 (Cooke ed. 1961). "The purpose of separation and equilibration of powers in general . . . [is] not merely to assure effective government but to preserve individual freedom." Morrison v. Olson, 108 S.Ct. 2597, 2637 (1988) (per the dissenting opinion of Justice Scalia). See also "Separation of Powers," 4 Encyclopedia of the American Constitution 1659 (1986).
This office has consistently held that any attempt by the legislature to supervise the implementation of statutes through some means other than the normal legislative process specified in sections 28 through 40 of article II of the Constitution of Texas violates the doctrine of separation of powers. Attorney General Opinions JM-872 (1988); MW-460 (1982); V-1305, V-1254 (1951); O-4609 (1942).
The State Auditor and the Director of the Legislative Budget Board are officials of the legislative branch of government and they are answerable only to that branch. The Auditor is appointed by the Legislative Audit Committee and serves at the will of the Committee. Gov't Code § 321.005. The Director of the Legislative Budget Board is appointed by the Board and is only accountable to, and serves at the will of, that legislative agency. Gov't Code § 322.004.
The doctrine of separation of powers does not prevent effective coordination and cooperation between the legislative and executive branches of the government in the effective resolution of public problems. State Board of Insurance v. Betts,308 S.W.2d 846 (Tex. 1958). But the legislature may not assume general authority to execute and administer the laws. This principle is uniform throughout American law. See e.g., Morrison v. Olson, supra, I.N.S. v. Chadha, 462 U.S. 919 (1985). Many of the cases from other states supporting the doctrine are collected in Attorney General Opinion JM-872 which concerned the impermissibility of a legislative official — the State Auditor — supervising activities carried out by executive agencies in administering the law. The principle of separation of powers is especially important when the legislature attempts to manage the expenditure of funds already appropriated:
 [t]he Legislature is no longer authorized to concern itself with the further . . . disbursement of the funds, the constitutional inhibition being not only against actual usurpation of the function, but also against one [branch] setting itself up in a supervisory capacity over the actions of another. [Citation omitted.]
* * * *
[T]he fiscal administration of the affairs of the government [is] an executive duty.
Attorney General Opinion V-1254 (1951), at 15. Thus, the Productivity Bonus Commission is unconstitutionally constituted because some of its members are answerable only to the legislature and share responsibility with executive officers for executing the law.
Because the inclusion of officials answerable only to the legislature in command of an executive agency violates the doctrine of separation of powers, you ask whether the Commission may continue to function if the legislative officials occupy "advisory positions" only or abstain from voting.
There is no authority for either proposition. The statute certainly expects that the legislative officials named to the Commission will discharge their duties. These tasks include deciding which agencies are entitled to productivity bonuses and the amount of the bonuses to be awarded. V.T.C.S. art. 6252-29, §§ 8 and 9. Such duties are not merely advisory but rather involve the exercise of fact-finding and the application of discretion in executing a public policy. Officials and officers of the state government, consistent with their duties to the people, may not pick and chose from among the duties they will execute. Additionally, the mere "advisory" presence of officials who serve only at the will of the legislature in command of an executive agency may lead to an improper encroachment of one branch into the affairs of another.[1] See Attorney General Opinion JM-872 (1988).
You also ask:
Does the Commission have authority to make the awards specified in the statute out of funds already appropriated to the agencies or their divisions, which participate in a productivity bonus plan when some of the appropriated funds are saved in connection with the productivity improvements contemplated by the Act?
Because we find that the composition of the Productivity Bonus Commission is unconstitutional, we do not consider this question.
 SUMMARY
The Productivity Bonus Commission exercises functions of the executive branch of the Government. Because of the doctrine of separation of powers, its composition may not include officials appointed by, and only answerable to, the legislature. Tex. Const. art. II, § 1.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by D.R. Bustion, II Assistant Attorney General
[1] This opinion should not be taken to mean that every entity composed of members or officials of different branches of the government is unconstitutional. Some entities consisting of members from the different branches of government may be authorized by the constitution. Other bodies too numerous to list here have many duties that are purely advisory or merely ceremonial and do not involve detailed tasks requiring the exercise of discretion about the expenditure of appropriated funds. In such a case, the function of the body may be appropriate under the constitution because nothing in the doctrine of separation of powers prevents coordination and cooperation between the branches of government.