

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 14, 2006

The Honorable Robert Duncan
Chair, Committee on State Affairs
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0455

Re: Whether Government Code section 2306.6710, which requires the Texas Department of Housing and Community Affairs to score and rank low-income housing tax-credit applications according to statutorily specified criteria, violates Texas Constitution article II, section 1, the Separation-of-Powers Doctrine (RQ-0457-GA)

Dear Senator Duncan:

You ask if Government Code section 2306.6710, which requires the Texas Department of Housing and Community Affairs to score and rank low-income housing tax-credit applications according to statutorily specified criteria, violates Texas Constitution article II, section 1, the Separation-of-Powers Doctrine.[1]

The federal government offers tax credits to private developers to stimulate investment in and construction of low-income housing. *See generally* 26 U.S.C.A. § 42 (West 2002 & Supp. 2006). These federal tax credits are allocated among the states and awarded at the state level by a designated housing credit agency. *See id.* § 42(h), (m). In Texas, the legislature, under Government Code chapter 2306, subchapter DD, has designated the Texas Department of Housing and Community Affairs ("TDHCA") to administer the state's low-income housing tax-credit program. *See* TEX. GOV'T CODE ANN. §§ 2306.6701–.6734 (Vernon Supp. 2006); *see also id.* § 2306.053(10) (Vernon 2000) (authorizing TDHCA to "administer federal housing, community affairs, or community development programs, including the low income housing tax credit program").

The Internal Revenue Code requires TDHCA, as administrator of this tax-credit program, to allocate tax credits according to selection criteria laid out in a "qualified allocation plan." *See* 26 U.S.C.A. § 42(m)(1)(B)–(C) (West 2002 & Supp. 2006). Texas law implements the federal law by requiring the TDHCA board to annually adopt a qualified allocation plan, *see* TEX. GOV'T CODE

---

[1]*See* Letter from Honorable Robert Duncan, Chair, Committee on State Affairs, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Feb. 27, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

ANN. § 2306.67022 (Vernon Supp. 2006), which, among other things, provides the threshold scoring and underwriting criteria and procedures for applicants seeking low-income housing tax credits. *See id.* § 2306.6702(a)(10). While TDHCA has discretion to determine the number of points to assign the underwriting criteria and to score and rank the applications for tax credits, numerous provisions in the Government Code require TDHCA to consider specific funding priorities, information, and preferences in doing so.[2] And it is these prescriptive provisions that give rise to your question. *See* Request Letter, *supra* note 1, at 1–2.

Specifically, you ask about Government Code section 2306.6710(b), *see id.*, which requires TDHCA to score and rank tax-credit applications using a point system that

> (1) prioritizes in descending order criteria regarding:
>
> > (A) financial feasibility of the development . . . ;
> >
> > (B) quantifiable community participation with respect to the development . . . ;
> >
> > (C) the income levels of tenants of the development;
> >
> > (D) the size and quality of the units;
> >
> > (E) the commitment of development funding by local political subdivisions;
> >
> > *(F) the level of community support for the application, evaluated on the basis of written statements from state elected officials;*
> >
> > (G) the rent levels of the units;
> >
> > (H) the cost of the development by square foot; and
> >
> > (I) the services to be provided to tenants of the development[.]

TEX. GOV'T CODE ANN. § 2306.6710(b)(1) (Vernon Supp. 2006) (emphasis added). This office has determined that this section is a mandatory provision that requires TDHCA to rank applications using a point system that gives the greatest number of points, in descending order, to the nine factors

---

[2]*See* TEX. GOV'T CODE ANN. § 2306.6725(a) (Vernon Supp. 2006); Tex. Att'y Gen. Op. No. GA-0208 (2004) at 9 n.13 (discussing the discretion Government Code section 2306.6725(a) permits TDHCA in assigning points to underwriting criteria); *see also, e.g.,* TEX. GOV'T CODE ANN. §§ 2306.111(d), (g), .6704(b), .6710(b), .6718(b) (Vernon Supp. 2006).

listed. *See* Tex. Att'y Gen. Op. No. GA-0208 (2004) at 10. You question whether the sixth factor, subsection (F), requiring TDHCA to assign points to written statements from state legislators, violates the Separation-of-Powers Doctrine in the Texas Constitution. *See* Request Letter, *supra* note 1, at 1–2; *see also* TEX. GOV'T CODE ANN. §§ 2306.6710(f) (Vernon Supp. 2006) (requiring a system of positive to negative points for statements of support or objection from state legislators); *id.* § 2306.6718(a)(1) (requiring TDHCA to "provide written notice of the filing of an application to . . . members of the legislature who represent the community containing the development described in the application").

You question this subsection's constitutionality because Texas Constitution article II, section 1, the Separation-of-Powers Doctrine, requires the Texas government to be divided into three distinct departments—the legislative, the executive, and the judicial. *See* TEX. CONST. art. II, § 1. The constitution elaborates that "no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." *Id.* You note that many times TDHCA awards or refuses tax credits to applicants on a narrow margin of points where the determinative factor will be the points assigned to the application because of the presence or absence of a legislator's written statement about the application.[3] Thus, you suggest that section 2306.6710(b)(1)(F) retains an executive function for individual members of the legislative branch, which is inconsistent with the constitution's language. *See* Supplemental Letter, *supra* note 3, at 1.

While article II, section 1 appears on its face to require absolute division among the various branches, it has long been understood that a rigid application of this principle is impossible because not every governmental power fits logically and clearly into any particular department. *See Gov't Servs. Ins. Underwriters v. Jones*, 368 S.W.2d 560, 562 (Tex. 1963) ("[T]he problem of determining that which is judicial and that which is legislative is often difficult of statement under varying factual circumstances."); *Coates v. Windham*, 613 S.W.2d 572, 576 (Tex. Civ. App.—Austin 1981, no writ) ("The proper interpretation of Article II, section 1 is . . . dictated by its context."). It is more accurate to state that the Separation-of-Powers Doctrine "prohibits a transfer of a whole mass of powers from one department to another and it prohibits a person of one branch from exercising a power historically or inherently belonging to another department." *Coates*, 613 S.W.2d at 576. But it does not prevent cooperation or coordination between two or more branches of government because that would otherwise hinder effective governmental action. *State Bd. of Ins. v. Betts*, 308 S.W.2d 846, 852 (Tex. 1958). Thus, in application article II, section 1 will prohibit the legislature from, for example, authorizing a legislative oversight committee to approve or veto an executive agency's administrative rules—which rule-approval power is reserved to the executive branch—but it will not preclude the commentary or expressions of approval or disapproval by a legislative committee to an administrative body. *See* Tex. Att'y Gen. Op. No. MW-0460 (1982) at 2 (observing that no law precludes a legislative committee from providing input to an agency, provided the committee is not the decision-maker); *see also* TEX. CONST. art. III, § 1.

---

[3]*See* Letter and attachment from Honorable Robert Duncan, Chair, Committee on State Affairs, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Mar. 31, 2006) (on file with the Opinion Committee) [hereinafter Supplemental Letter].

Here, section 2306.6710(b)(1) requires only that TDHCA give priority in descending order to the nine enumerated factors listed there; the section, however, does not require TDHCA to assign specific values to those factors. *See* TEX. GOV'T CODE ANN. § 2306.6710(b)(1) (Vernon Supp. 2006); *id.* § 2306.6725(a); *see also* Tex. Att'y Gen. Op. No. GA-0208 (2004) at 10 n.15 (referring to TDHCA's authority to assign values to factors the agency must consider in ranking and scoring tax-credit applications). And as you note, it is only "possible that the mandatory points awarded or deducted because of a state elected official's letter could be *the* deciding factor as to which applications are awarded the tax credits by [TDHCA]." Request Letter, *supra* note 1, at 2. That possibility applies equally to any of the criteria that TDHCA must consider and score. Given TDHCA's broad discretion in this arena, any determinative quality in scoring a tax-credit application associated with a legislator's written statement is not an executive power retained by the legislature; rather, that determinative quality is created by agency rule in its qualified allocation plan. Thus, we cannot say that the legislature, by requiring that its individual members' input be assigned a score in a tax-credit application to an executive agency, is interfering with a core power or the mass of powers reserved to TDHCA as a department in the executive branch. Section 2306.6710(b)(1), therefore, does not on its face violate Texas Constitution article II, section 1.

### S U M M A R Y

Government Code section 2306.6710(b)(1), which requires the Texas Department of Housing and Community Affairs to score and rank applications for low-income-housing tax credits in part based on written statements from state elected officials, does not violate the Separation-of-Powers Doctrine in Texas Constitution article II, section 1.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee