In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00067-CV


______________________________






 IN THE INTEREST OF A.M.S., A CHILD






 


On Appeal from the County Court at Law


Panola County, Texas


Trial Court No. 2008-073




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 Natalie Thompson and Mitchell Singletary appeal the final order of the trial court appointing
Darlene and Larry Lowe as nonparent joint managing conservators of A.M.S., the daughter of
Thompson and Singletary. Darlene, the child's paternal aunt, and her husband, Larry Lowe, filed a
verified petition in a suit affecting the parent-child relationship (SAPCR) seeking to be appointed
joint managing conservators of the child. In the petition, the Lowes attest that the child, who was
less than two months old at the time, was suffering from malnutrition (1) and state "both parents of the
child, will consent, or have consented to this suit being filed." Thompson and Singletary
represented themselves pro se in the trial court. (2) Thompson, Singletary, and the Lowes agreed in
open court and on the record to the order appointing the Lowes as joint managing conservators. The
trial court entered a final order in accordance with the agreement. After the entry of the order,
Thompson and Singletary retained counsel and filed a motion for new trial alleging the Lowes lacked
standing to file the petition. The trial court denied the motion. Thompson and Singletary bring this
appeal alleging the Lowes lacked standing to file the petition. 

 Standing is a constitutional prerequisite to maintaining a suit under Texas law. Tex. Ass'n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). Standing, as a necessary
component of a court's subject-matter jurisdiction, cannot be conferred by consent or waiver and can
be raised for the first time on appeal. Id. at 443; see Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703
(Tex. 1990); In re Guardianship of Erickson, 208 S.W.3d 737, 740 (Tex. App.--Texarkana 2006,
orig. proceeding). When standing is challenged for the first time on appeal, appellate courts "must
construe the petition in favor of the party, and if necessary, review the entire record to determine if
any evidence supports standing." (3) Tex. Ass'n of Bus., 852 S.W.2d at 446. We review de novo a
challenge to a party's standing. Tex. DOT v. City of Sunset Valley, 146 S.W.3d 637, 646 (Tex. 2004).

 In addition to the constitutional limitations on standing, the Texas Family Code contains
additional restrictions on who may bring suit. The Texas Legislature "has provided a comprehensive
statutory framework for standing in the context of suits involving the parent-child relationship." In
re H.G., 267 S.W.3d 120 (Tex. App.--San Antonio 2008, pet. denied). Section 102.004(a) of the
Texas Family Code provides as follows:

 In addition to the general standing to file suit provided by Section 102.003,
a grandparent, or another relative of the child related within the third degree by
consanguinity, may file an original suit requesting managing conservatorship if there
is satisfactory proof to the court that: 

 (1) the order requested is necessary because the child's present circumstances
would significantly impair the child's physical health or emotional development; or 
 (2) both parents, the surviving parent, or the managing conservator or
custodian either filed the petition or consented to the suit. 


Tex. Fam. Code Ann. § 102.004(a) (Vernon Supp. 2008). 

 Thompson and Singletary argue the Lowes lacked standing because 1) there is no evidence
of circumstances endangering the child's physical health, 2) no evidence the parents consented to the
petition, and 3) the trial court's interpretation of Section 102.004(a)(2) is unconstitutional. In their
petition, the Lowes alleged standing to file suit under both subsection (a)(1) and subsection (a)(2). 
On appeal, the Lowes argue they have standing under subsection (a)(2). (4) We will first examine the
constitutional challenge to Section 102.004(a)(2). Concluding the trial court's interpretation of
Section 102.004 was both correct and constitutional, we will then consider whether both Darlene and
Larry had standing under Section 102.004.






I. Section 102.004 Is Constitutional and Permits Consent After the Filing of the Petition


 Thompson and Singletary argue, if we interpret Section 102.004(a)(2) to permit a parent to
consent to the suit after the petition has been filed, Section 102.004(a)(2) will be unconstitutional
because a party cannot waive subject-matter jurisdiction. According to Thompson and Singletary,
a party could constitutionally consent to standing prior to the filing of the suit, and they urge this
Court to interpret Section 102.004(a)(2) to require consent prior to filing suit. The constitutional
standing requirement "stems from two limitations on subject matter jurisdiction: the separation of
powers doctrine and, in Texas, the open courts provision." Tex. Ass'n of Bus., 852 S.W.2d at 443. 
Thompson and Singletary argue that permitting a party to consent after the filing of the petition
violates both the open courts provision and the separation of powers doctrine.

 The open courts provision of the Texas Constitution provides, "[a]ll courts shall be open, and
every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by
due course of law." Tex. Const. art. I, § 13. The provision has been interpreted to contain three
separate constitutional guarantees: 1) "courts must actually be open and operating," 2) "citizens must
have access to those courts unimpeded by unreasonable financial barriers," 3) "the legislature may
not abrogate the right to assert a well-established common law cause of action." See Tex. Ass'n of
Bus., 852 S.W.2d at 448. 

 The separation of powers doctrine prohibits one branch of government from exercising a
power inherently belonging to another branch. See id. at 444; Tex. Const. art. II, § 1. The
separation of powers doctrine is violated "only when the functioning of the judicial process in a field
constitutionally committed to the control of the courts is interfered with by the executive or
legislative branches." Gen. Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 600 (Tex.
2001);  State  Bd.  of  Ins.  v.  Betts,  158  Tex.  83,  308  S.W.2d  846,  851-52  (1958);  see  Tex.
Const. art. II, § 1. In the context of standing, the separation of powers article prohibits courts from
issuing advisory opinions, an opinion that decides an abstract question of law without binding the
parties. Tex. Ass'n of Bus., 852 S.W.2d at 444; Alford v. Thornburg, 113 S.W.3d 575, 583 (Tex.
App.--Texarkana 2003, no pet.). 

 The test for constitutional standing in Texas "requires that there '(a) shall be a real
controversy between the parties, which (b) will be actually determined by the judicial declaration
sought.'" Tex. Ass'n of Bus., 852 S.W.2d at 446 (quoting Bd. of Water Eng'rs v. City of San Antonio,
155 Tex. 111, 283 S.W.2d 722, 724 (1955)). Standing requires the claimant to demonstrate a
particularized injury distinct from that suffered by the general public--there must be an actual
grievance, not a hypothetical or generalized grievance. Glover v. Union Pac. R.R., 187 S.W.3d 201,
209 (Tex. App.--Texarkana 2006, pet. denied); see Brown v. Todd, 53 S.W.3d 297, 302 (Tex. 2001);
see also In re H.C.S., 219 S.W.3d 33, 34 (Tex. App.--San Antonio 2006, no pet.). 

 In addition to constitutional limitations on standing, standing can be limited by statutory or
common law authority. See Everett v. TK-Taito, L.L.C., 178 S.W.3d 844, 850 (Tex. App.--Fort
Worth 2005, no pet.). Section 102.004 of the Texas Family Code is an example of additional
limitations on standing imposed by statute. Section 102.004 is more restrictive than the
constitutional requirement of a justiciable interest. The Section limits standing to relatives of the
child related within the third degree by consanguinity. Tex. Fam. Code Ann. § 102.004(a). While
Texas Association of Business prohibits the constitutional limitations from being waived by consent,
the opinion is silent concerning whether consent can form a basis of statutory limitations which are
more restrictive than the constitutional limitations. We disagree that there is a conflict between the
statutory requirements of Section 102.004 and the constitutional limitations on standing. Clearly,
a relative of a child has a particularized injury distinct from the general public. Section 102.004
contains statutory limitations on standing more restrictive than the constitutional limitations. The
consent permitted by Section 102.004 merely waives the statutory limitations, not the constitutional
limitations. Therefore, an interpretation of Section 102.004 permitting consent to the suit to be
provided after the filing of the suit does not violate the prohibition of waiver contained in Texas
Association of Business v. Texas Air Control Board.

 We disagree with Thompson and Singletary that Section 102.004(a)(2) of the Texas Family
Code should be interpreted to prohibit consent after the filing of the suit. Section 102.004 does not
specify when the consent must be given or whether the consent must be in writing. It is not our role
to rewrite the statute. We conclude the Texas Legislature, by failing to limit the form and nature of
consent, did not intend to limit consent to any particular type. Oral consent, given by the proper
party and established in the record, is sufficient to grant standing under Section 102.004 even if
consent is given after the filing of the petition. 

II. Darlene Lowe Had Standing Under Section 102.004(a)(2)

 The record contains sufficient evidence to support the finding that Darlene had standing to
file the petition. It is uncontested that Darlene was related within three degrees of consanguinity. 
Darlene Lowe testified at the hearing that she is the sister of Singletary and therefore within the
required three degrees of consanguinity. See Tex. Gov't Code Ann. §§ 573.022, 573.023 (Vernon
2004). At the hearing on the agreed order, both Thompson and Singletary expressly represented that
they agreed to the order. Consent to entering the order necessarily included consent to filing of the
suit. The trial court did not err in concluding Darlene had standing.

III. Larry Lowe Lacked Standing to File the Petition

 Thompson and Singletary also argue Larry lacked standing to file the petition. Unlike
Darlene, Larry was not related within three degrees of consanguinity. The Texas Government Code
provides, "[t]wo individuals are related to each other by consanguinity if: (1) one is a descendant
of the other; or (2) they share a common ancestor." Tex. Gov't Code Ann. § 573.022(a). Darlene
testified she is married to Larry. There is no evidence the child is a descendant of Larry or that Larry 
shares a common ancestor with the child. 

 Larry argues he qualifies under Section 102.004(a)(2) because he is related to the child within
three degrees of affinity. Two persons are related to each other by affinity if "(1) they are married
to each other; or (2) the spouse of one of the individuals is related by consanguinity to the other
individual." Tex. Gov't Code Ann. § 573.024 (Vernon 2004). Section 102.004, though, requires
the relationship to be within three degrees of consanguinity, not three degrees of affinity. Tex. Fam.
Code Ann. § 102.004(a). While often used together, consanguinity and affinity are distinct concepts
with different definitions. We must presume the Texas Legislature was familiar with the definitions
and chose to permit petitions filed by individuals related within three degrees of consanguinity, but
not within three degrees of affinity. See Acker v. Tex. Water Comm'n, 790 S.W.2d 299, 301 (Tex.
1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of
the existing law and with reference to it."); cf. In re Derzapf, 219 S.W.3d 327, 328 (Tex. 2007)
(step-grandfather, who was neither a biological nor an adoptive grandparent, lacked standing to seek
access to step-grandchildren). Since there is no evidence that Larry was related to the child within
three degrees of consanguinity, he lacked standing under Section 102.004. 

 In the alternative, Larry argues any error in standing was waived by the agreed judgment. 
Texas law is well established that a party cannot appeal, except jurisdictional errors, from a judgment
to which he or she has consented or agreed "absent an allegation and proof of fraud, collusion, or
misrepresentation." Baw v. Baw, 949 S.W.2d 764, 766 (Tex. App.--Dallas 1997, no writ); see
Boufaissal v. Boufaissal, 251 S.W.3d 160, 161 (Tex. App.--Dallas 2008, no pet.). "A party's
consent to the trial court's entry of judgment waives any error, except for jurisdictional error,
contained in the judgment, and that party has nothing to properly present for appellate review." Baw,
949 S.W.2d at 766. While most errors are waived by a consent judgment, jurisdictional errors are
not. Larry lacked standing to file suit under the statutory jurisdiction limitations imposed by the
Texas Legislature. When the petitioners in a SAPCR suit lack standing, an agreed order is void. In
re Smith, 262 S.W.3d 463, 467 (Tex. App.--Beaumont 2008, no pet.). Thompson and Singletary
could not waive Larry's lack of standing. Because Larry lacked standing to file the petition, (5) the trial
court's order--as it pertains to Larry--is void.

IV. Conclusion

 We conclude Section 102.004(a)(2) does not require the consent to be made prior to the suit. 
While it is true that a party cannot waive constitutional standing, the consent requirement of Section
102.004(a)(2) only waives statutory limitations on standing. The evidence is sufficient to support
the trial court's finding that Darlene had standing. The evidence, however, is insufficient to support
the conclusion that Larry had standing. Because Larry lacked standing to file the petition, we modify 


the trial court's order to remove the appointment of Larry as a joint managing conservator. As a
result of the modification, Darlene is now the sole managing conservator of A.M.S. We affirm the
order as modified.



 Jack Carter

 Justice


Date Submitted: December 1, 2008

Date Decided: January 14, 2009


1. Thompson and Singletary had previously agreed to permit the Texas Department of Family
and Protective Services to temporarily place the child in the care of the Lowes. 
2. We note Thompson and Singletary did not file an answer. Thompson and Singletary were
served by citation and entered a general appearance by personally appearing at the trial court's
hearing on the agreed order. 
3. Even though standing was challenged in the motion for new trial, this case is the equivalent
of a challenge for the first time on appeal. No evidence was presented during the hearing on the
motion for new trial. We note, when reviewing a trial court order dismissing a cause for want of
jurisdiction, appellate courts consider the allegations in the pleadings, construe the pleadings in favor
of the pleader, and accept the allegations as true. Tex. Ass'n of Bus., 852 S.W.2d at 446; Save Our
Springs Alliance v. City of Austin, 149 S.W.3d 674, 680 (Tex. App.--Austin 2004, no pet.). The
reason for the difference between a pretrial ruling and a challenge on appeal is that there is no
opportunity to cure a pleading defect when standing is challenged for the first time on appeal. Tex.
Ass'n of Bus., 852 S.W.2d at 446. "A review of only the pleadings to determine subject matter
jurisdiction is sufficient" when reviewing a pretrial ruling "because a litigant has a right to amend
to attempt to cure pleading defects if jurisdictional facts are not alleged." Id. 
4. Section 102.004(a)(1) of the Texas Family Code requires the court to make a threshold
finding that the child's present circumstances would significantly impair the child's physical health
or emotional development based on a preponderance of the evidence. In the Interest of R.D.Y., 51
S.W.3d 314, 325 (Tex. App.--Houston [1st Dist.] 2001, pet. denied); Von Behren v. Von Behren,
800 S.W.2d 919, 921 (Tex. App.--San Antonio 1990, writ denied). Although the trial court made
a finding that the child was suffering from malnutrition, no evidence in support of this finding was
presented at the hearing.
5. We note, if he had substantial past contact with the child, Larry might have had standing to
intervene  once  a  petition  had been  filed  by  a  person  with  standing.  See  Tex.  Fam.  Code
Ann. § 102.004(b). Larry does not argue he intervened as a person with substantial past contact
with the child and the parties have not directed us to where in the record there is evidence of
substantial past contact. Our conclusion that Larry lacked standing to file this particular petition
should not be interpreted to mean that Larry will lack standing to file a petition in a future SAPCR
suit concerning A.M.S.