

May 17, 2024

Mr. J.R. Johnson
Executive Director
Texas Ethics Commission
Post Office Box 12070
Austin, Texas 78711-2070

**Opinion No. KP-0465**

Re: Authority of the Texas Ethics Commission to release sworn complaint information, confidential under Texas Government Code chapter 571, to a member of the Legislature for a legislative purpose (RQ-0519-KP)

Dear Mr. Johnson:

You ask whether the Texas Ethics Commission ("Commission") "may release confidential sworn complaint information that is exempted from the Public Information Act upon request from an individual member of the Legislature" pursuant to Government Code section 552.008, or other law.[1] Your question implicates two chapters in the Government Code: chapter 571, which governs the Commission, and chapter 552, which contains the Public Information Act.[2]

**Government Code chapter 571 protects sworn complaint information filed with the Texas Ethics Commission.**

Contained within Title 5 of the Government Code pertaining to open government and ethics, chapter 571 governs the Commission. *See generally* TEX. GOV'T CODE §§ 571.001–.177. Chapter 571 charges the Commission with administering and enforcing specific chapters of the Government Code, the Local Government Code, and the Election Code. *See id.* § 571.061. Chapter 571 authorizes an individual to file a sworn complaint with the Commission "alleging that a person subject to a law administered and enforced by the commission has violated a rule adopted by or a law administered and enforced by the commission." *Id.* § 571.122(a). Additionally, it directs the Commission in the processing, preliminary review, dismissal, hearing, and appeal of an allegation

---

[1]Letter from J.R. Johnson, Exec. Dir., Tex. Ethics Comm'n, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 3, 2023), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2023/ RQ0519KP.pdf ("Request Letter").

[2]You do not direct us to any "other law," and after a non-exhaustive search we find none that broadly addresses a Legislator's access to confidential information. *See id.* at 1–2. That said, we limit this opinion to the provision about which you ask and address only Government Code section 552.008.

raised by a sworn complaint. *See id.* §§ 571.121–.142 ("Subchapter E. Complaint Procedures and Hearings").

Chapter 571 also generally provides that the Public Information Act applies to all records of the Commission "[e]xcept as provided by Sections 571.139(a) and 571.140." *Id.* § 571.031; *see also* Request Letter at 1–2 (referring us to subsection 571.139(a) and section 571.140). The first of the referenced exceptions, section 571.139, generally governs the applicability of other laws. TEX. GOV'T CODE § 571.139. Relevant here, subsection 571.139(a) expressly states that "[e]xcept as provided by Section 571.140(b), *Chapter 552 does not apply* to documents or any additional evidence relating to the processing, preliminary review, preliminary review hearing, or resolution of a sworn complaint or motion."[3] *Id.* § 571.139(a) (emphasis added). Thus, the documents and additional evidence enumerated in subsection 571.139(a) are expressly excluded from the scope of the Public Information Act.

The second exception, section 571.140, pertains to the confidentiality of proceedings and documents as a general matter. *Id.* § 571.140. Subsection 571.140(a) provides that,

> [e]xcept as provided by Subsection (b) or (b-1) or by Section 571.171,[4] . . . a sworn complaint, and documents and any additional evidence relating to the processing, preliminary review, preliminary review hearing, or resolution of a sworn complaint or motion are confidential and may not be disclosed unless entered into the record of a formal hearing or a judicial proceeding, except that a document or statement that was previously public information remains public information.

*Id.* § 571.140(a) (footnote added). By its plain language, subsection 571.140(a) expressly makes a sworn complaint and documents and evidence related to its resolution confidential.[5]

---

[3]Subsection 571.140(b) provides that an "order issued by the commission after the completion of a preliminary review or hearing determining that a violation other than a technical or de minimis violation has occurred is not confidential." TEX. GOV'T CODE § 571.140(b). You do not indicate that this exception has any application. *See* Request Letter at 1–2.

[4]Subsection 571.140(b-1) authorizes a Commission employee to release certain information, including a sworn complaint, to the complainant, the respondent, or a witness under certain circumstances. TEX. GOV'T CODE § 571.140(b-1). Section 571.171 authorizes the disclosure of confidential information to an appropriate prosecuting attorney when the Commission makes a referral for criminal prosecution. *Id.* § 571.171(c).

[5]"A person commits an offense if the person discloses information made confidential by this section." *Id.* § 571.140(c).

**Government Code chapter 552, the Public Information Act, generally grants a Legislator a special right of access to public information under section 552.008.**

Government Code chapter 552 is the Public Information Act. *See generally id.* §§ 552.001–.376. As a general matter, it gives the public the right to request access to public information. *See id.* §§ 552.001, .021, .022. One of its provisions, section 552.008, provides in relevant part that:

> (a) This chapter does not grant authority to withhold information from individual members, agencies, or committees of the legislature to use for legislative purposes.
>
> (b) A governmental body on request by an individual member, agency, or committee of the legislature shall provide public information, *including confidential information*, to the requesting member, agency, or committee for inspection or duplication in accordance with this chapter if the requesting member, agency, or committee states that the public information *is requested under this chapter for legislative purposes*. A governmental body, by providing public information under this section that is confidential or otherwise excepted from required disclosure under law, does not waive or affect the confidentiality of the information for purposes of state or federal law or waive the right to assert exceptions to required disclosure of the information in the future. The governmental body may require the requesting individual member of the legislature, the requesting legislative agency or committee, or the members or employees of the requesting entity who will view or handle information that is received under this section and that is confidential under law to sign a confidentiality agreement that covers the information and requires that:
>
> . . . .

*Id.* § 552.008 (emphases added).

A Texas appellate court has considered the scope of section 552.008 as against information made confidential by law but not expressly excluded from the scope of the Public Information Act. *Tex. Comm'n on Env't Quality v. Abbott*, 311 S.W.3d 663, 668–71 (Tex. App.—Austin 2010, pet. denied). The case involved a request for information by Senator Eliot Shapleigh to the Texas Commission on Environmental Quality ("TCEQ"). *Id.* at 666. Relying on provisions in the Public Information Act, the TCEQ "declined to disclose certain documents that it deemed privileged attorney-client communications and attorney work product." *Id.* at 667. The state district court determined that section 552.008 required the TCEQ to disclose the confidential and privileged documents to the Senator. *Id.* at 666. In affirming that decision, the Third Court of Appeals concluded that the phrase "confidential information" in section 552.008 included documents

protected by attorney-client or attorney work-product privileges.[6] *Id.* at 670. The court stated further that the phrase also included information "that is excepted from required disclosure" or "confidential under other law." *Id.* (quotation mark omitted). It supported this conclusion by comparing section 552.008 and subsection 552.008(d) of the federal Freedom of Information Act, observing that in the latter "Congress reserved unto itself a special right of access to governmental information." *Id.* at 670–71. The court found it clear "that the Texas Legislature, like Congress, intended to maintain for itself a special right of access to confidential governmental information necessary to fulfill its legislative function . . . ." *Id.* at 671. But under the facts of the case the documents, while confidential under other law, were not also expressly excluded from the scope of the Public Information Act by another statute. Thus, we do not read *Texas Commission on Environmental Quality v. Abbott* to stand for the proposition that a Legislator's access under section 552.008 is absolute.

Though open letter rulings issued by our office are not binding, they are useful in understanding the operation of the Public Information Act. *See Hous. Indep. Sch. Dist. v. Hous. Chron. Pub. Co.*, 798 S.W.2d 580, 588 (Tex. App.—Houston [1st Dist.] 1990, writ denied) ("Open records decisions of the Attorney General should be given 'great weight' by the courts of this state, but are not binding on them."); *see also* TEX. GOV'T CODE § 552.301 (authorizing a governmental body to ask the attorney general about whether requested public information can be withheld under an exception to the Public Information Act). Letter rulings from the Open Records Division ("ORD") of our office subsequent to *Texas Commission on Environmental Quality v. Abbott* rely on the opinion to conclude that a governmental body must give information to a Legislator requesting information under section 552.008 even if that information is confidential. *See, e.g.*, Tex. Att'y Gen. OR2016-16919 at 5 (concluding that information made confidential by Government Code section 531.071 must be made available to a Legislator under section 552.008). But those letter rulings similarly do not construe section 552.008 to be absolute as there are instances where the ORD prohibits release of information to a Legislator based on language in another statute. *See, e.g.*, Tex. Att'y Gen. OR2023-01880 at 3 (construing Occupations Code section 154.055, which provides access to information "[o]n request from a legislative committee," against section 552.008 and concluding that the Legislator requesting access under section 552.008 could not obtain the requested information).

### A Legislator's special right of access under Government Code section 552.008 does not apply to items expressly excluded from the Public Information Act.

That said, as we consider the operation of section 552.008 against the provisions in chapter 571, we are mindful that the goal of statutory construction is to ascertain the Legislature's intent. *Hegar v. Health Care Serv. Corp.*, 652 S.W.3d 39, 43 (Tex. 2022) (stating that a court's objective

---

[6]Given our conclusion in this opinion, we need not discuss section 552.008's provision that allows a governmental body to require the requesting member of the Legislature to sign a confidentiality agreement covering the disclosed confidential information. *See supra* at 2–3; TEX. GOV'T CODE § 552.008(b). Such agreement preserves the confidentiality of the information when disclosed under section 552.008. *Abbott*, 311 S.W.3d at 675. We note, however, that the Public Information Act provides that the release of confidential information obtained pursuant to section 552.008 may result in criminal penalties. *See* TEX. GOV'T CODE § 552.352(a-1). Additionally, a violation under section 552.352 constitutes official misconduct. *Id.* § 552.352(c).

in construing statutes is to "ascertain and give effect to the Legislature's intent" (quoting *In re D.S.*, 602 S.W.3d 504, 514 (Tex. 2020))). And "the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on." *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 557 (Tex. 2022) (quoting *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006)).

Subsection 571.140(a) expressly makes sworn complaint information confidential. TEX. GOV'T CODE § 571.140(a). Without more, we expect that a court would follow the reasoning in *Texas Commission on Environmental Quality v. Abbott* to conclude that confidential sworn complaint information is within the scope of section 552.008 and thus subject to disclosure when requested by a Legislator.

Yet, here there is more. Subsection 571.139(a) expressly states that chapter 552 "*does not apply* to documents or any additional evidence relating to the . . . resolution of a sworn complaint . . . ." *Id.* § 571.139(a) (emphasis added); *see also id.* § 571.031 (providing that the Public Information Act applies to all records of the Commission "[e]xcept as provided by Sections 571.139(a) and 571.140"). By its plain language, subsection 571.139(a) means that the information enumerated therein is not subject to chapter 552 in the first place. *Id.* § 571.139(a); *cf., e.g.*, Tex. Att'y Gen. OR2007-04422 at 1 (recognizing that Parks and Wildlife Code subsection 11.030(b)'s language that "Chapter 552 . . . does not apply" to certain information obviated the need to consider whether the information could be withheld under section 552.101, which generally protects confidential information from disclosure). As section 552.008 is a section within chapter 552, the effect of subsection 571.139(a) is that sworn complaint information is not subject to section 552.008. *See generally* Tex. Att'y Gen. OR2022-11436 at 1–2 (recognizing that subsection 571.139(a) expressly excludes information relating to the processing, preliminary review, preliminary review hearing, or resolution of a sworn complaint from the Public Information Act).

For these reasons, a court would likely conclude that the Commission may not release confidential sworn complaint information that is expressly exempt from the Public Information Act to a Legislator pursuant to a request under section 552.008.

**Section 552.008 implicates the Texas Constitution's separation-of-powers doctrine.**

Though not directly applicable here, we note there are constitutional limitations on section 552.008 that may occur in other circumstances. In *Abbott*, the TCEQ had also argued that the Legislator's request under section 552.008 violated the Texas Constitution's separation of powers. *Abbott*, 311 S.W.3d at 671; *see also* TEX. CONST. art. II, § 1 ("The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy."). The court engaged in a two-part inquiry, which first involved the scope of the constitutionally assigned powers to the agency and then involved the impact on the exercise of those powers if the information was released to the legislative branch. *Abbott*, 311 S.W.3d at 672–73. In *Abbott*, the court dispositively concluded in the first part of the inquiry that the TCEQ, as a state agency created by statute, derived no power from the Texas Constitution and thus "there can be no separation of powers violation" from the use of section 552.008 by the Legislator to procure information from the TCEQ. *Id.* at 674.

Yet, for another agency or state officer whose duties and power did come from the Constitution the second aspect of that analysis would consider the impact of the exercise of those powers if the information was released to the legislative branch. For instance, the court in *Abbott* recognized that the attorney general derives power from the Texas Constitution. *Id.* ("Unlike the attorney general, the [TCEQ] derives no specific power from the Texas Constitution."). Among other constitutional duties, the attorney general is authorized to represent the State in actions in which the State is interested and to give legal advice to the governor and other executive officers. *See* TEX. CONST. art. IV, § 22. And release of certain information to a legislator under section 552.008 potentially unduly interferes in the attorney general's exercise of those constitutionally assigned powers. *See* Tex. Att'y Gen. OR2024-004448 at 2 (recognizing the chilling effect that release of information protected by the attorney-client privilege to legislators under section 552.008 would have on the "free flow of ideas, frank communications, and robust deliberations necessary to represent the State" in such matters and would inhibit the attorney general's office from rendering candid advice); Tex. Att'y Gen. OR2008-02184 at 2 (same). To the extent another state officer, or state agency, similarly had constitutional power or authority, it would have the separation-of-powers argument that TCEQ did not have in *Abbott*. Section 552.008's separation-of-powers implication is another reason that we cannot construe section 552.008 to be absolute.

**S U M M A R Y**

As part of the Public Information Act, Government Code section 552.008 affords a Legislator a special right of access to governmental information sought for legislative purposes. But Government Code chapter 571, governing the Texas Ethics Commission, expressly provides that documents and evidence relating to the processing, preliminary review, preliminary review hearing, or resolution of a sworn complaint are not subject to the Public Information Act. Accordingly, a court giving effect to this plain language would likely conclude that the Texas Ethics Commission may not release confidential sworn complaint information to a Legislator pursuant to a request under section 552.008.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee